## E. E. HAND v. CLEARFIELD COAL CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 2 OF PHILADELPHIA COUNTY.

Argued March 30, 1891—Decided October 5, 1891.

1. It is as much within the power of a corporation, as it is within that of an individual, to bind itself by a contract for personal services for a fixed period of time, with liability for the discharge of the employee without sufficient cause before the period of employment has expired.

2. Testimony of a co-employee, alone, stating in general terms that the plaintiff was inattentive to business, made some mistakes, and in his intercourse with other employees his manners were unpleasant, giving no details respecting the matters complained of, is insufficient to show justification for a discharge.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 178 January Term 1891, Sup. Ct.; court below, No. 315 June Term 1888, C. P.

On June 24, 1888, Elmer E. Hand brought assumpsit against

the Clearfield Consolidated Coal Company, a corporation. Issue.

At the trial on October 13, 1890, the plaintiff adduced testimony to show that he first entered the service of the defendant company temporarily on November 1, 1887, in the office of Samuel P. Langdon, the president of the company; that in January, 1888, he was about to take employment elsewhere, when he was told by Mr. Langdon to let the matter rest for the present; that a few days afterward he met Mr. Langdon, who said to him, " Hand, I fixed that thing for you; we will give you $1,800 from the first day of February, for one year's services," and the plaintiff accepted the offer; and that at a meeting of the board of directors on February 20, 1888, the following action was minuted:

" The question of the salary of the assistant to the president and secretary was here taken up, and on motion of Mr. Cox, seconded by Mr. W. P. Davis, it was,

" Resolved: That the salary of the assistant to the president and secretary be $1,800 yearly, and that it be divided as follows: $1,350 yearly as secretary, and $450 yearly as assistant to the president.

" Resolved: That the following named gentlemen be and are hereby appointed officers for the following year: President and treasurer, Samuel P. Langdon; assistant to the president and secretary, Elmer E. Hand; assistant treasurer, William P. Brown."

The plaintiff testified that he rendered services and received his salary at the rate of $150 per month, including the month of June, 1888, and that on June 28th, without cause or reasons given, he was discharged, the following corporate minute being made:

" On motion of Mr. Levan, seconded by Mr. Davis, the services of E. E. Hand be dispensed with, to date from June 1888; it was so ordered."

It was shown that the plaintiff had made unsuccessful efforts to obtain employment after his discharge, but received several small amounts of money as commissions on sales made by him in the latter part of the year.

On behalf of the defendant, a clerk of the company gave testimony of a general nature, to the effect that the business

Charge of Court below.

manners of the plaintiff were "unpleasant," "overbearing," "domineering," "frequent little spats, back and forth;" that one mistake in shipping was made by him, causing extra freight charges, and that he appeared to have outside matters on hand. All these allegations were denied by the plaintiff.

At the close of the testimony, the court, FELL, J., charged the jury:

This action is brought to recover damages for an alleged breach of contract between the plaintiff and the defendant corporation. The plaintiff's allegation is this: That he entered into a contract with the Clearfield Consolidated Coal Company on January 15, 1888, to serve them as secretary and assistant to the president for a period of one year, commencing February 1, 1888; that he was discharged without cause on June 30, 1888. As a measure of damages for the breach of that contract, he claims the recovery of his salary, at the rate of $150 per month, for seven months, from July 1, 1888, to February 1, 1889.

If a man is employed by another for a definite term, and is discharged without cause before the expiration of that term, it is a breach of contract upon the part of his employer, and the proper measure of damages for the breach of contract is what he would have earned if the contract had not been broken, less what he did earn after it was broken. He cannot sit down and refuse employment, or be indifferent whether he earns anything or not after the contract is broken. It is his duty to make a reasonable effort to obtain reasonable employment, and what he receives from it is to be deducted from what he would have received under the terms of his contract.

If, on the other hand, his discharge was for cause, there could be no recovery whatever. If an employee fails in the faithful performance of the duties for which he has been employed; if his conduct, however honest, is such as to create a fair doubt of his integrity; or, if in his relation to his fellow-employees he is unreasonable, arbitrary and quarrelsome to such an extent as to interfere with his usefulness and with theirs, and with the proper discharge of his duties and theirs, there is a just ground for his discharge. That is, it is his duty to faithfully do the work for which he is employed. It is his duty in his relation

Charge of Court below.

to his fellow-employee, as far as that relation affects the interest of his employer, to properly conduct himself.

With the testimony before you, it is for you to say: First, whether this discharge was for a just cause or not; if it was for a just cause, plaintiff is not entitled to recover; and if there was no just cause for the discharge, then he is entitled to recover here, and the measure of damages is the difference between what he would have earned during these seven months, under the terms of his employment, and what he did earn after his discharge, the sum of some two hundred dollars.

I have been asked to answer some points submitted by the counsel for the defendant:

1. If the resolution by which plaintiff was elected as secretary and assistant to the president fixed a period of service, it was an election subject to the right of rescission, if the board deemed it best to do so ; and if, in the exercise of this discretion, the directors by resolution concluded to rescind, they had a right to do so, and, having done so, the verdict should be for the defendant.

Answer: This is refused.[1]

2. If the plaintiff performed his work in a manner not satisfactory to the company, or if his manners were objectionable, and by reason thereof his relations to other employees of defendant were not entirely harmonious, the company defendant had a right to dismiss him and dispense with his services, and the verdict should be for the defendant.

Answer: If his manner was such as to interfere with the business of the company, by impairing his usefulness or the usefulness of other employees, by preventing a proper discharge of his duties or the proper discharge of the duties of others, then they were justified in discharging him.[2]

3. If the defendant company were satisfied that the conduct and actions of plaintiff were such as not to advance the best interests of the company, and in the exercise of a reasonable discretion they concluded to dispense with his services, they had a right to do so, and the verdict should be for the defendant.

Answer: I affirm that, but you will remember that in affirming it I do not leave it to the company as the sole judge of whether the ground of his discharge was reasonable or not.

Here is a question for you to determine under the evidencê in the case.

4. Under all the evidence the verdict should be for defendant.

Answer: This is refused.[3]

—The jury returned a verdict in favor of the plaintiff for $946.40. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal, assigning for error:

1–3. The answers to the defendant's points.[1 to 3]

*Mr. Samuel Gustine Thompson,* for the appellant.
Counsel cited: Field v. Girard College, 54 Pa. 233.

*Mr. Rudolph M. Schick,* for the appellee.
Counsel cited: Wood on Master & S., §§ 37, 110; Soldiers' Home v. Shaffer, 63 Ill. 243; Patent Floor-cloth Co., Dean & Gilbert's Claim, 41 L. J. Ch. 476; English Ins. Co., Maclure's Claim, 39 L. J. Ch. 685; Revere v. Cooper, 15 Pick. 351; Morawetz on Corp., §§ 541, 544.

OPINION, Mr. JUSTICE McCOLLUM:

The negotiations which resulted in the employment of Hand were with Langdon, who was the president of the appellant company, and they related to a service of one year, and the compensation to be paid for it. It appears by the undisputed testimony that it was agreed that Hand should serve the company one year from the first day of February, 1888, for one thousand eight hundred dollars, and in such capacity as it might designate. There is no denial in the evidence that Langdon was authorized to make this agreement, and there is no suggestion that he deceived the company as to its terms. On the contrary, we find the action of the board of directors in entire harmony with the agreement, and the presumption is that it was based on full and accurate information communicated by Langdon in the discharge of his official duty.

In the presence of plenary proof of a contract of hiring for a year, there is no room for the contention that the appellant was at liberty to terminate the employment at its pleasure, and without liability to its employee. It was clearly within the

power of the corporation to make the contract in question, and it is bound to compliance with its terms.   A corporation, whether municipal, public, or private, unless otherwise specially provided by statute, may enter into any simple contract, either in writing or by parol, the same as an individual may, and may employ or discharge servants of any class or description necessary for the prosecution of its business, in the same manner as may be done by a natural person:   Wood on Master & S., § 37.   In Soldiers' Orphans' Home v. Shaffer, 63 Ill. 243, the trustees of the corporation were authorized by its charter to remove any officer or employee, if the interests of the institution required it; and it was held that this conferred on the trustees a power of removal at their discretion, if there was no special contract for the service of the employee for a definite time, but that it did not give the right to discharge him without any dereliction on his part when he had been engaged for a fixed period.   It was said by the court in the case cited that, "If a corporation desires to retain the right of removal at its discretion, it must not bind itself by a special contract.   The law will not permit it to disregard the terms of its contract, but it must be governed by the same rule as is a natural person."   This rule is so consonant to reason and justice that its existence should not be questioned, nor its enforcement resisted.

The evidence of any dereliction of duty on the part of the appellee is very slight and unsatisfactory.   There is really nothing specific or tangible in it.   But one witness was called by the appellant company, on the subject of the appellee's conduct while in its service, and he stated in a general way that Hand was not attentive to business, that he made some mistakes, and that in his intercourse with other employees his manners were unpleasant.   This witness was in the service of the company and subordinate to Hand, but he was not able to give any details respecting the matters of which he complained. No director or other officer of the company was called to give any reason for Hand's discharge, and the evidence is uncontradicted that when he sought information on this subject he was unable to obtain it.   It is not surprising that the jury found that he was discharged without adequate cause.   They did this under instructions which were unobjectionable, and sanctioned by the authorities.   We are satisfied with the rulings of the

court and the verdict of the jury. The specifications of error are dismissed, and

The judgment is affirmed.