## DEANE *v.* CUTLER.

(*Superior Court of Buffalo, General Term.* October 26, 1892.)

1. MASTER AND SERVANT—ACTION FOR WRONGFUL DISCHARGE—INSTRUCTIONS.
    In an action for breach of contract of hiring, where defendant claims that he was justified in discharging plaintiff for three specified reasons, the last of which alone might, if true, be sufficient justification, it is error, in charging the jury, to group all three specifications together, and tell them, if they find the facts mentioned in them to exist, to find from them whether they were sufficient to warrant the discharge.

2. SAME—NEGLECT OF DUTY.
    Where a person employed to build up a certain branch of his employer's business contracts to do work for less than one half of the usual price, and then directs that it be done in an unfit and unworkmanlike manner, and causes it to be returned in no better condition than when received, whereby his employer loses a customer, such facts are, as a matter of law, a justification for the discharge of the employe.

3. SAME—LOSS OF CUSTOM.
    In such case it is immaterial whether or not the customer was a customer before this particular transaction.

**4. SAME—PROOF OF DAMAGE.**
    Nor is it necessary that the employer shall have suffered actual loss, but it is-sufficient if, from the circumstances, it appears that he has been or is likely to be damaged by the act complained of.

Appeal from trial term.

Action by Samuel B. Deane against Frederick H. Cutler, as surviving part-ner, to recover for breach of contract in wrongfully discharging plaintiff be-fore the termination of his term of service. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Re-versed.

Argued before HATCH and WHITE, JJ.

*F. M. Inglehart,* (*Adelbert Moot,* of counsel,) for appellant. *George W. Cothran,* for appellee.

HATCH, J. The action is to recover for a breach of contract in wrongfully discharging plaintiff before the termination of his term of service contracted for. The jury found, upon conflicting testimony, that plaintiff was hired for a specified term, and his discharge before the expiration of that term was ad-mitted. Defendant alleged in justification of the discharge that plaintiff had failed and neglected to perform the services contracted for in a proper man-ner. Defendant specified three particulars in justification: *First,* that plain-tiff had sold a mahogany chair, in place of a cherry chair, for the same price of the latter, although the former was worth considerably more; *second,* that plaintiff was inattentive to a lady customer; *third,* that he contracted to re-habilitate a couch for a much smaller sum that it could be done for, and caused the work to be performed in an unworkmanlike manner, whereby the firm lost a customer. It is upon the last proposition claimed that the court, upon the trial, committed error. The substantial facts of the last transaction are undisputed. It appears that Dr. Martin—whether a customer of the firm be-fore or not does not appear—applied to plaintiff to have a couch renovated. Upon examination it was found moth-eaten, and the cost of repair was deter-mined to be $25. This price was deemed too much by the doctor, and he de-clined to pay it. Subsequently plaintiff offered to do it for $10, and was given the order. It appeared that, in order to properly renovate it, it was neces-sary to remove the moths, which could only be done by removing the entire covering, and replacing it with new. Defendant, however, directed it to be fixed up without this removal, and did not improve its condition. When re-turned, the customer was dissatisfied with it, and concluded his dealing with the firm. Upon the trial the court grouped the three causes of justification together, and charged the jury that, if these facts were found by them to ex-ist, then to find from them whether they were sufficient to warrant defend-ant in discharging the plaintiff.

It is evident that the theory of the charge was twofold: Did the facts claimed exist? and, if so, were they sufficient to warrant the discharge? Thus the defense in both respects was treated as a question of fact. At the close of the charge defendant's counsel asked the court to charge "that, if they believe Dr. Martin took the couch, and made an arrange-ment to have it thoroughly renovated, and the moths taken out properly, for $10, and then Mr. Deane instructed the work to be done in such a manner that the contract would not be carried out substantially, and thereby caused the loss of Dr. Martin from this firm as a customer, then that would be sufficient in law for his discharge." The court declined so to charge, and an exception was taken. It is at once seen that this request presented two different aspects from the charge of the court,—one as to the fact, and the other as to the law. As to the first, the court, as we have seen, grouped the three causes of justification together, and said, if they found as to them, they might find justification, if they found them sufficient. The request

asked the court to charge that, if the jury found the specified fact, that would be sufficient. If this one offense was found as a fact, and it was sufficient to justify the discharge, then defendant was entitled to have it charged distinct from the other two. This the court refused, and, as the three were embraced in the charge as given, and this one, standing alone, would have been sufficient, we can see that the charge did not present that question in as favorable a light as defendant was entitled to have it; consequently, in this respect, the charge as made did not cover the charge requested, and the contention of respondent in that regard cannot be upheld. But the request to charge differed from the theory of the court as to the law of the case, for it is asked, if the fact was found, not that they were authorized from it to find it sufficient as justification, but to go a step further, and say as matter of law, if it existed, it amounted to a justification; and this, in my judgment, presents the only question on this appeal. In *Harrington* v. *Bank*, 1 Thomp. & C. 363, it was said: "It is not necessary to discuss the proposition that for misconduct or disobedience to lawful orders the plaintiff could be dismissed." This is undoubtedly true; but what acts constitute misconduct or disobedience might present quite a serious problem, dependent upon many circumstances. The question presented seems to fall within that denominated "mixed," partaking both of law and fact; and while in many instances it would be proper to submit both questions—*First*, as to the existence of the fact,.and, *second*, as to its effect—to the jury for determination, yet, when the facts are undisputed, it will usually present a question of law for the court to determine, being analogous in this regard to questions of negligence. An illustration of the first rule is found in *Hand* v. *Coal Co.*, 143 Pa. St. 408, 22 Atl. Rep. 709, and of the latter in *Matthews* v. *Park Bros. & Co.*, 146 Pa. St. 384, 23 Atl. Rep. 208, where it is said: "What is sufficient reason for dismissal is a question of law for the court." As applied here, I think defendant was entitled to the charge asked. Plaintiff was employed because of his peculiar skill and knowledge, and for the purpose of building up the particular business of the firm. When, therefore, he undertook to renovate this couch for less than one half what it could be properly done for, and then directed that it be done in an unfit and unworkmanlike manner, and caused it to be returned in no better condition than when received, it evidenced conclusively a willful disregard of his instructions, the purpose of his employment,.and a lack of interest in the welfare of his employer. Nor do I deem it. material whether Dr. Martin was, prior thereto, a customer of the firm or not. He was a customer for this particular piece of work, and ceased to be after its improper performance. We can very well see that he was quite likely to be disgusted with the manner in which this work was performed, and to determine upon a bestowal of his patronage elsewhere. It is not necessary that the firm should have suffered an actual loss; it is sufficient if one can fairly see that it may have been damaged by the act, or was likely to be. I am therefore of opinion that defendant became entitled to the charge as requested, and that error was committed in its refusal. The judgment and order appealed from should therefore be reversed, and a new trial ordered, with costs to abide the event.