## Hibbard v. Wood, Appellant.

*Master and servant—Dismissal of servant—Failure in fidelity—Engaging in competing business.*

A person who is engaged as foreman of a dairy farm with particular control over the milking and feeding of the cows, but without any direction over the business of selling the milk, may be properly discharged by his employer if he engages in the business of selling milk in the same locality, and seeks and induces customers of his employer to become customers of his own.

Argued Nov. 20, 1911. Appeal, No. 36, Oct. T., 1911, by defendant, from order of C. P. Chester Co., Aug. T., 1910, No. 110, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Harrison Hibbard v. R. Francis Wood. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Appeal from judgment of justice of the peace.
Assumpsit for wages.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was rule for judgment for want of a sufficient affidavit of defense.

*J. Frank E. Hause*, for appellant.—Faithful service is a condition precedent to the right of wages and where there is any misconduct inconsistent with the relation of master and servant, the former has a right at any time to put an end to the contract: Libhart v. Wood, 1 W. & S. 265; Singer v. McCormick, 4 W. & S. 265; Henderson v. Hydraulic Works, 9 Phila. 100.

No servant is permitted to do anything that brings him in direct competition with his master's interests: Dieringer v. Meyer, 42 Wis. 311; Beckman v. Garrett, 66 Ohio, 136 (64 N. E. Repr. 62); Adams Express Co. v. Trego, 35 Md. 47.

*A. M. Holding*, for appellee.—Where an employer is engaged in two distinct pursuits, and employs a laborer in one of them, with certain specific duties which he fully and faithfully performs, the rule requiring fidelity of the servant to the master does not preclude the former from becoming interested in any business which competes with the business of the master in which the servant is not employed: Jaffray v. King, 34 Md. 217; Clarke v. Kelsey, 60 N. W. Repr. 138; Dieringer v. Meyer, 42 Wis. 311; Peniston v. Huber Co., 196 Pa. 580; Clay Commercial Telephone Co. v. Root, 17 W. N. C. 200.

OPINION BY HENDERSON, J., March 1, 1912:

The plaintiff entered into a written contract to render service to the defendant for one year from April 1, 1909. The defendant was engaged in the business of selling milk at retail in Devon, Wayne and the vicinity of these places in the counties of Chester and Delaware, and in furtherance of this business maintained a large farm on which he kept a diary. The plaintiff contracted for service on the farm as a foreman and was put in charge of all the men not directly under the supervision of the herdsman, except such as were employed for specific purposes and the milkers and feeders during milking and feeding time. He was required to furnish from the force at his disposal a sufficient number of milkers and feeders to make the required number and was also to milk when it was necessary for him to do so to furnish the required number of milkers. It was also agreed that he should use such of his force as were not otherwise employed in regular necessary work to help with the work at the dairy barn on Sunday mornings after milking and feeding. The care of the cows, etc., at another place, called Prospect, was also committed to him subject to the direction of the herdsman. This contract was renewed for each of the two succeeding years, and during the period of the last renewal the defendant discharged the plaintiff from service. The justification set up for this action

was that the plaintiff had entered into a partnership with one Samuel Pusey, another employee of the defendant, for the purpose of engaging in the business of selling milk at retail and established a place of business with the necessary horses, wagons, utensils, etc., and engaged in the business similar and in opposition to that in which the defendant was then engaged and in which the plaintiff was employed. The action complained of is thus set forth in the supplemental affidavit of defense: "The place of business thus secured by the plaintiff and said Pusey was in the same locality in which the defendant was selling his product, and in furtherance of their business the plaintiff and said Pusey sought and induced numerous customers of the defendant to decline to further make purchases from the defendant and to purchase cream, milk, etc., from them, thereby injuring and damaging the defendant's business." The court below was of the opinion that the defendant was not warranted in discharging the plaintiff prior to the termination of the year for which he had been engaged merely because he had entered into or was about to enter into a business that would bring him in competition with his employer, but wholly separated and distinct from his contractual engagements with him and not forbidden or prohibited by either the contract or the law. The principle is a familiar one that where there is any misconduct on the part of an employee inconsistent with the relation of master and servant the employer may at any time terminate the contract. Where one fails in fidelity he forfeits his right to employment and this includes abstention from willfully doing anything which would injuriously affect the business of his employer in connection with which he was engaged. The plaintiff's service to the defendant was considered by the court below to be related solely to work on and about the farm and to have nothing whatever to do with the defendant's milk business and that what the plaintiff and his partner proposed to do was merely to enter into general competition with the defendant in

that business, but under the averments of the affidavits
of defense the business in which the defendant was en-
gaged should not be considered as solely the delivering
of milk to his customers. The sale of milk made neces-
sary the keeping of the diary. The maintenance of this
involved the production of crops for feed and the care of
the stock. The whole constituted a business concern
the success of which depended as much on the proper
maintenance of the farm and dairy as on the distribution
of the milk and cream, and so far as appears the service
of the plaintiff was only useful and necessary to the de-
fendant because of the customers to whom he sold the
product of his dairy. If these customers should be taken
away the defendant's business would be destroyed, and
the reason for the maintenance of the dairy would cease
to exist. Whatever might be the rights of the parties
under the contract if the case presented were one of gen-
eral competition merely, the averment in the supplemental
affidavit of defense above quoted goes much further than
to allege such competition. It is there specifically as-
serted not only that the plaintiff and his partner set up a
business of the same kind in the same locality but that
they sought and induced numerous customers of the de-
fendant to decline to further make purchases from him
and to purchase milk from them. This was an inter-
ference with, and disturbance of, the defendant's business.
If the plaintiff did what is alleged he diminished the de-
fendant's sales and reduced his profits. It would hardly
be contended that if this new firm had prosecuted its
business to the extent of taking away all of the customers
of the defendant that would have been consistent with
the plaintiff's engagement to aid in the prosecution of
work on the farm intended to promote the defendant's
dairy business, and if he might not take away all of these
patrons he had no right deliberately and by design to take
away some of them and at the same time maintain his
position under his contract as an employee of the defend-
ant. We regard it as clear that by inducing the de-

fendant's customers to withdraw their patronage from him and to bestow it on the plaintiff the latter would forfeit his right to continue longer in the defendant's service under the contract. The question presented is one of fact to be decided by a jury and the rule for judgment should have been discharged.

The judgment is reversed and the case remitted with a procedendo.