Bernstein *v.* Lipper Manufacturing Co., Appellant.

Argued November 30, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*A. L. Levi,* of *Levi & Mandel,* for appellant.—A servant owes a duty of loyalty to his master, and a servant's right to wages or salary terminates as soon as the servant fails in the duty to his master: Singer v. M'Cormick, 4 W. & S. 265; Hibbard v. Wood, 49 Pa. Superior Ct. 513; Waugh v. Shunk, 20 Pa. 130; Ulrich v. Hower, 156 Pa. 410; O'Neil v. Schneller, 63 Pa. Superior Ct. 196, 199.

The following Pennsylvania cases are submitted for the proposition that whether it is proper for an employer to discharge an employee under undisputed or admitted facts, it is a question of law for the court and not a ques-

tion of fact for a jury: Peniston v. Huber Co., 196 Pa. 580; O'Neil v. Schneller, 63 Pa. Superior Ct. 196; Carson v. Hosiery Co., 15 Pa. Superior Ct. 476; Gallagher v. Steam Co., 188 Pa. 95; Lovett v. Goodman, 88 Pa. Superior Ct. 258; Elliott v. Wanamaker, 155 Pa. 67; Batchelder v. Elevator Co., 227 Pa. 201; Hyatt v. Johnston, 91 Pa. 196.

There was a question of fact for the jury, which defendant most vigorously contends it is not, a finding by the jury for plaintiff in the light of these admissions by plaintiff and the uncontradicted testimony of defendant's witnesses, is so capricious that defendant is entitled to a new trial and it was error to refuse it: Maloy v. Rosenbaum Co., 260 Pa. 467; Clemson v. Davidson, 5 Binney 399; Douds v. Traction Co., 51 Pa. Superior Ct. 24; Haltz v. Printzel, 267 Pa. 156; Petrowski v. Ry., 263 Pa. 531.

Where a contract is made in Pennsylvania, to be performed principally in New York, the law of the State of New York governs its validity, particularly as to whether it should be in writing: Zenatello v. Hammerstein, 231 Pa. 56.

*Cecil P. Harvey,* of *Horenstein, Feldman & Harvey,* for appellee.—The contract of employment entered into between the parties in Pennsylvania is enforcible in the courts of this jurisdiction: Hughes v. R. R., 202 Pa. 222; Producers Coke Co. v. Hoover, 268 Pa. 104; Scudder v. Bank, 91 U. S. 406; Allshouse v. Ramsay, 6 Wharton 331.

The alleged breach of contract was a question of fact to be decided by the jury: Pope v. Reading Co., 304 Pa. 326; Hecht v. Transit Co., 100 Pa. Superior Ct. 298; Sulkin v. Gilbert, 218 Pa. 255.

OPINION BY MR. JUSTICE KEPHART, January 11, 1932:

There is an implied obligation in contracts of employment that, as part of the consideration, the em-

ployee will be loyal, diligent, faithful, and obedient. His right to compensation depends upon the observance or performance of these duties. If he fails in due fidelity, he forfeits his right to his employment (Hibbard v. Wood, 49 Pa. Superior Ct. 513, 515); if he fails in diligence by shirking his work or otherwise conducting himself inconsistently with the proper discharge of his duties, he may be dismissed: Waugh v. Shunk, 20 Pa. 130, 133; Singer v. M'Cormack, 4 Watts & Sergeant 265, 266. Where his conduct with his fellow employees or towards others with whom he is brought in contact has a tendency to interfere with his master's business or with plant or business discipline, the master is warranted in discharging the employee: O'Neil v. Schneller, 63 Pa. Superior Ct. 196, 199.

The above rules apply to all contracts of employment, whether for a given time or indeterminate. If, however, the dismissal be without cause, where the servant has a contract for a definite period of time, he may be entitled to receive compensation not only for services rendered, but also for the wages he would have earned if the contract had continued in force: Singer v. M'Cormick, supra; Waugh v. Shunk, supra; Hibbard v. Wood, supra. What constitutes a sufficient cause for the discharge of a servant is a question of law, and where the facts are undisputed or admitted it is for the court, but where the evidence to sustain the justification for discharge is disputed, the jury must pass on it: O'Neil v. Schneller, supra.

Plaintiff was engaged in Philadelphia under an oral contract for one year as a salesman in New York, and, to some extent, in the south and middle west. He was dismissed, and, as justification, it is asserted that he failed to devote himself exclusively to his employer's business during the hours of employment. Defendant charges that the plaintiff was interested in a rayon company in which his father had an interest, and that he tried to and did sell stock of this company during normal busi-

ness hours. Plaintiff admits his father was interested in such company; but explains that rayon was then a new and interesting subject of conversation to defendant's customers in the millinery trade, and that often, in discussing defendant's business, "rayon" would naturally come up. He claims he spoke of it to his friends and acquaintances as he might discuss any ordinary topic of the day. While naturally interested in his father's welfare, he denies working for the rayon company or for his father, and that either he or his father were interested in the sale of stock, as another concern sold it. A careful review of the evidence convinces us that there was a real dispute as to the times, places, manner and purpose of plaintiff's acts. Many of them were merely incidental occurences that might arise with a salesman in the performance of the duties of his master; at least the evidence is not so clear that we could say as a matter of law he was guilty of such dereliction of duty as entitled him to dismissal. The court below submitted the question to the jury in a clear and explicit charge, and instructed them that if they believed plaintiff was not devoting his entire time exclusively to the interests of his employer, they should find for the defendant. The jury evidently believed plaintiff, and as this was the second trial with the same result, there ought to be no doubt their conclusion was correct.

The acts of an employee which will justify dismissal need not be such as injure the employer; the latter need not show that the employee's conduct caused him to suffer loss. A master is not compelled to keep an employee for a given term in service until his business has suffered pecuniary loss; if the employee is unfaithful, disobedient, disloyal, or does not properly perform his duties, he may be discharged.

Where an employee engages for a period of time to give exclusive services to his master, he cannot use such employment as a subterfuge to exploit other business; but whether he does so depends on the nature and char-

acter of his acts in connection with his employment, and also on the character of the master's business.

In the present case, the man was engaged as a salesman. To successfully pursue this occupation he must possess many qualities, none the least of which is ability to engage in what is commonly known as a line of "sales talk." Such an employee cannot rigidly adhere to "shop" or the subject-matter of his master's business, but to ingratiate himself with the buyer and to put himself on friendly terms, he must do many things of an incidental nature. The latitude to be permitted one acting in this capacity is uncertain, but his acts should certainly not detract from the furtherance of his master's business, nor should they, beyond the scope of such business, consume time otherwise than in the master's business.

The court below finds that rayon was an incident of defendant's business, and its customers would naturally be interested in the matter. Since the plaintiff's father was interested, this incident may have furnished the excuse to indulge in talk to aid his father, but the evidence does not disclose sufficient for us to say that he thereby violated the duties of his employment. It is a close case on this point, but we are not convinced the court below committed error in submitting the question to the jury. In all the cases wherein we have held that there was sufficient justification, it was reasonably clear from undisputed evidence that the employee was guilty of misconduct.

The contract, made in Philadelphia, was for one year's services to be performed in New York, in the south and west. It is claimed that the contract is invalid because the New York statute of frauds provides: "Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise, or undertaking, (1) By its terms is not to be performed within one

year from the making thereof": Consol. Laws of New York, annotated, chapter 41, laws of 1909; chapter 45 of the Personal Property Law, section 31. Under our law, an oral contract such as that shown here is valid.

In Callaway v. Prettyman, 218 Pa. 293, a New Jersey real estate man made an oral agreement in Pennsylvania which called for performance in New Jersey. Under the law of this State it was valid but under the law of New Jersey it was not. Its validity was upheld and the commission allowed. The lower court said: "Moreover, the validity of the contract as affected by the statute of frauds is controlled by the law of this State and not by that of New Jersey, and Callaway's contract of employment, made in this city, was valid, as the law of the place of making a contract governs as to the formalities: Story, Conflict of Laws, section 262; Wharton, Conflict of Laws, section 693a; Roubicek v. Haddad, 67 N. J. L. 522." We affirmed this order per curiam. The validity of a contract as affected by the statute of frauds is generally to be determined by the law of the place of contract. See 12 C. J. 451. The contract in this case was to be performed in various states, and this illustrates the value of the rule above indicated, for, if the place of performance was to control, the law would find itself in a hopeless tangle. In Goodrich, Conflict of Laws, 232, it is stated: "Real difficulty, however, appears in cases where performance by the promissor is to take place in more than one state, and the agreement is valid by the law of one and not the other...... There seems nothing left but to apply the local contract rules of the lex loci contractus, unless the question of validity is to be chopped up into as many pieces as there are different places for performance." See also Morgan v. New Orleans, M. & T. R. Co., volume 17, Fed. Cas. (No. 9,804) 754, 2 Woods 244, where, in such a case, BRADLEY, J., says: "In this embarrassment, I do not know that I can do better than to fall back on the general rule that a contract is to be governed by the law of the place where

it is made." See also Scudder v. Union Nat. Bank, 91 U. S. 406, 412; Allshouse v. Ramsay, 6 Wharton 331.

We do not regard the other assignments of error as material. The admission of the magistrate's record would have little or no bearing on the case. The case as we have indicated has been twice before the jury, and there should be an end to this litigation.

Judgment of the court below is affirmed.