## ROYAL OAK STAVE CO. v. GROCE.
### No. 10408.

Court of Civil Appeals of Texas. Galveston.
Oct. 21, 1937.

Rehearing Granted Jan. 6, 1938.

Appellant's Rehearing Denied Feb. 3, 1938.

Merrill & Grinstead and Wagner & Wagner, all of Houston (Sam R. Merrill, of Houston, of counsel), for appellant.

M. E. Clough and Luther N. Hull, both of Houston, for appellee.

CODY, Justice.

Appellee was a stockholder of, and employed by, appellant, a corporation, as its general manager under a written contract dated July 19, 1933, for one year at a salary of $25 per week. He was discharged August 14, 1933. He instituted this suit against appellant for his salary accruing after the date of his discharge. At the conclusion of the trial defendant, appellant here, moved for an instructed verdict, which the court refused, and submitted

the case to the jury. Appellant presented a motion for judgment non obstante veredicto, which was refused, and judgment rendered for appellee.

The facts surrounding the discharge of appellee by appellant sufficiently appear from the special issues submitted to the jury and their answers, which follow:

Special issue No. 1: "Do you find from a preponderance of the evidence that the plaintiff, immediately before the fight which took place in the defendant's office, had reasonable cause to believe that he was about to be physically assaulted by S. J. Brockstein, the Secretary-Treasurer of the Company?" To which the jury answered "Yes."

Special issue No. 2: "If you have answered the preceding issue Yes, and only in that event, then answer:

"Do you find from a preponderance of the evidence that it reasonably appeared to the plaintiff that he was in danger of physical and bodily injury at the hands of said Brockstein at the time he entered the fight?" To which the jury answered "Yes."

Special issue No. 3: "If you have answered the preceding issue Yes, and only in that event, then answer:

"Do you find from a preponderance of the evidence that in entering the fight the plaintiff only used such force as it appeared to him was reasonably necessary to defend himself from an attack, if any, by Brockstein?" To which the jury answered "Yes."

Special issue No. 4: "If you have answered Special Issues Nos. 1 and 2 Yes, and only in that event, then answer:

"Do you find from a preponderance of the evidence that the language used by the plaintiff to the said Brockstein was reasonably calculated to produce an assault by said Brockstein upon the plaintiff?" To which the jury answered "Yes."

Special issue No. 5: "Do you find from a preponderance of the evidence that the defendant was justified by the conduct of the plaintiff in discharging him from its employment on either of the grounds alleged by it in its answer?" To which the jury answered "No."

The fight referred to occurred in appellant's office August 14, 1933, during office hours, in the presence of others of its employees.

Among the contentions made by appellant are these: The trial court should have rendered judgment for appellant on the jury's verdict, because the verdict establishes that appellee had provoked the assault on him at appellant's office during office hours by the use of language he knew would bring it about. And that the court should have ignored the jury's answer to special issue No. 5, because the answer of it was one of law for the judge; and, on motion of appellant for judgment, the court should have rendered such judgment for appellant.

Appellee contends that, because he fought only in self-defense, and, as found by the jury, used no more force than was reasonably necessary to defend himself, there was no just ground for his discharge. He contends that the finding by the jury that the language he used to the secretary-treasurer was reasonably calculated to bring on the fight has no bearing on the case: (1) Because language, however abusive, does not constitute legal justification for an assault; (2) because the jury merely found that his language was calculated to, not that it did, produce the assault; (3) because the secretary-treasurer testified on cross-examination that the language used to him about his father-in-law did not anger him with appellee. He further contends that, because appellant did not object to the submission of special issue No. 5, it is bound by the jury's answer to it.

It is true, of course, that abusive language does not constitute any legal justification to the one to whom it is used for assaulting the one who uses it. The reason for this is that the primary social obligation existing between men is that they refrain from injuring one another; and, as the old saw has it, "hard words break no bones." But, when men become bound to each other by a contract, one as employer and the other as employee, obligations are established between them other than merely refraining from assaulting each other. One of these obligations is that the employer shall pay the employee for his services. If he fails to do this, the employee is justified in leaving his employment. But, on the other hand, there is also the implied obligation on the part of the employee to do no act which has a tendency to injure the employer's business, interests, or reputation. And any breach of this obligation will justify the employer in discharging the employee from his service. 39 C.J. pp. 80, 81; Bernstein v. Lipper Mfg. Co., 307 Pa. 36, 160 A. 770, 771.

"What constitutes a good and superior cause for the discharge of an employee is a question of law, and where the facts are undisputed it is for the court to say whether the discharge was justified." 39 C.J. pp. 105, 106. See, also, Bernstein v. Lipper Mfg. Co., supra.

"Where his [employee's] conduct with his fellow employees or towards others with whom he is brought in contact has a tendency to interfere with his master's business or with plant or business discipline, the master is warranted in discharging the employee." See Bernstein Case, supra.

 Appellee did not deny that he used highly abusive language of the appellant's president, and himself testified to the ensuing fight between himself and the sercretary-treasurer and a vice-president of appellant, at its place of business during office hours. The jury found that the language used by appellee to the secretary-treasurer was reasonably calculated to produce an assault by him on appellee; and the surrounding facts and circumstances make it clear that it did so. It is inconceivable that such facts would not operate to the injury of appellant's business as rendering it practically impossible for further co-operation between the secretary-treasurer and manager, to say nothing of his co-operation with the vice-president or the president. The fact of the fight being undisputed, the fact being found by the jury that appellee's language was reasonably calculated to produce the fight, the necessary legal conclusion is that appellee intended to provoke the fight at the time and place, and with a fellow officer of the corporation.

Under these circumstances, the question which the trial court put to the jury to answer as special issue No. 5 is one of law. The fact that appellant did not object to the submission of special issue No. 5 cannot empower the jury to decide the question of law involved in such question.

We believe the court erred in not rendering judgment for appellant, and therefore order the judgment of the trial court reversed, and here rendered for appellant.

Reversed and rendered.

### On Motion for Rehearing.

 Appellee urges on motion for rehearing that appellant has no pleading sufficiently broad on which to base the defense that the fight was brought about through language used of appellant's president in the presence of his son-in-law, Brockstein, but has pleaded merely that the fight was provoked through abusive language used of Brockstein. This seems to be correct. But, as appellant proved on the trial that it was justified in discharging appellee, but under defective pleading, it would be unjust to affirm the judgment. Waldo v. Galveston, H. & S. A. Ry. Co., Tex.Com.App., 50 S.W.2d 274. The motion for rehearing is granted, and the cause is remanded for a new trial.

PLEASANTS, C. J., absent.