OPINION OF THE COURT
PER CURIAM:
Stuart A. Williams and WSC Investments, LLC (collectively ‘Williams”) filed this action against the Hilton Group, pic and Ladbrokes International Betting and Gaming, a division of the Hilton Group (collectively “Ladbrokes”), alleging breach of contract in connection with Williams’s efforts to purchase various North American gaming assets owned by Ladbrokes. Williams subsequently amended his complaint, adding claims against Hilton for fraudulent and negligent misrepresentation and punitive damages and adding Alan Ross, the Managing Director of Ladbrokes, as a defendant on the tort claims. The case was originally assigned to Judge Donald J. Lee but was later reassigned to Judge Arthur J. Schwab, who granted summary judgment in favor of Ladbrokes on the tort claims asserted. This decision was based on Pennsylvania’s “gist of the action” doctrine. The District Court certified its order for interlocutory appeal under 28 U.S.C. § 1292(b)(2), and a motion panel of our court permitted the appeal. Although neither the order of the District Court nor the application for review specified the precise question or questions presented for interlocutory review, see Fed. R.App. Proc. 5(b)(1)(B), the issues are sufficiently clear to permit the appeal to go forward. We hold that the “gist of the action” doctrine bars the tort claims at issue.
As a preliminary matter, we reject Williams’s argument that the law-of-the-case doctrine precluded Judge Schwab from granting summary judgment for Ladbrokes on the tort claims. Williams contends that Judge Lee had previously held that the “gist of the action” doctrine did not apply to the claims at issue, but we disagree. Williams’s papers cited some “gist of the action” cases and maintained that his contract and fraud claims could coexist, see App. at 2873-74, 2380-82, but Judge Lee’s opinion made no direct or indirect reference to the doctrine, and it was not necessary for Judge Lee to decide the issue in order to make the rulings that he did.
We also reject Williams’s argument that the “gist of the action” doctrine does not bar his tort claims. Although the Pennsylvania Supreme Court has not expressly adopted this doctrine, we predict that the state supreme court would adopt the doctrine as set out in the Superior Court’s cases.
In eToll, Inc. v. Elias/Savion Advertising, Inc., 811 A.2d 10 (Pa.Super.Ct.2002), the Pennsylvania Superior Court, stated *386 that the “gist of the action” doctrine “is designed to maintain the conceptual distinction between breach of contract claims and tort claims [by] precluding] plaintiffs from recasting ordinary breach of contract claims into tort claims.” Id. at 14. The Court then described the difference between contract and tort claims as follows: “Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals.” Id. (quoting Bash v. Bell Telephone Co., 411 Pa.Super. 347, 601 A.2d 825, 829 (Pa.Super.Ct.1992)). In eToll the Court found that the “fraud at issue was not so tangential to the parties’ relationship so as to make fraud the gist of the action.” eToll, 811 A.2d at 21. Rather, the court stated, the fraud claims were so “inextricably intertwined with the contract claims” that they were barred as a matter of law from being raised independently. Id. The Superior Court has applied the “gist of the action” doctrine in other cases. See, e.g., Pittsburgh Construction Co. v. Griffith, 834 A.2d 572 (Pa.Super.Ct.2003) (applying eToll and stating that “courts are cautious about permitting tort recovery based on contractual breaches”); Pennsylvania Manufacturers’ Association Insurance Co. v. L.B. Smith, 831 A.2d 1178, 1181 (Pa.Super.Ct.2003) (“The ‘gist of the action’ doctrine is designed to maintain the conceptual distinction between breach of contract and tort claims.”); Freestone v. New England Log Homes, Inc., 819 A.2d 550 (Pa.Super.Ct.2003); see also Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc., 247 F.3d 79, 103-04 (3d Cir.2001). From our examination of the Pennsylvania cases, we conclude that the “gist of the action” doctrine cannot be captured by any precisely worded test. Instead, the doctrine appears to call for a fact-intensive judgment as to the true nature of a claim.
In making the requisite inquiry here, a recent case from the United States District Court for the Eastern District of Pennsylvania is instructive. In Penn City Investments, Inc. v. Soltech, Inc., 2003 WL 22844210, 2003 U.S. Dist. LEXIS 22321 (E.D.Pa. Nov. 25, 2003), the Court held that the doctrine barred a fraudulent inducement claim where the defendant-counter-claimant alleged that the counter-defendant had made pre-contract statements in order to induce it to enter into a contractual relationship. The Court held that the fraudulent inducement claim was barred because the “pre-contractual statements concerned specific duties that the parties later outlined in the contract.” Id. at *3, 2003 U.S. Dist. LEXIS 22321, at *12; see also id. at *4, 2003 U.S. Dist. LEXIS 22321, at *15 (dismissing the tort claims because they were “directly addressed by the contract, or so closely related to the contractual relationship, that the dispute between the parties [needed to be] resolved by exclusive reference to contractual principles”).
Here, Williams contends that his fraud claims are not for fraud in the performance of a contract but are akin to claims for fraud in the inducement because Ladbrokes “induced Williams into signing the Letter of Intent and dealing with Ladbrokes by lying about its intent to honor the agreement.” Appellants’ Br. at 25. According to Williams, Ladbrokes and Ross engaged in a scheme by which they induced Williams to “commit to buying the properties for $120 million on an exclusive basis, while secretly marketing the properties to other buyers.” Id. at 26. The Letter of Intent, they assert, was the device by which Williams was induced and deceived.
Applying the case law cited above, we conclude that Williams’s tort claims are *387 barred. Williams’s tort claims are all founded on Ladbrokes’ agreement to grant him the exclusive right to purchase the North American assets during the due diligence period. Williams and Ladbrokes are sophisticated parties who were well able to protect their rights in relation to this matter by contract, and they attempted to do so. On the particular facts presented here, we agree with the District Court that the “gist” of Williams’s claims sounds in contract, not tort. Because of the nature of the “gist of the action” doctrine and because clarification of the doctrine for precedential purposes must come from the state courts, further explanation of our holding in this case would not be fruitful.
Finally, we hold that the District Court did not err in concluding that the doctrine barred Williams’s claims against Ross, as well as his claims against Ladbrokes. Although Williams did not have a contractual relationship with Ross, Williams cannot detach Ross from his status as an agent for Ladbrokes. Ross served as the principal negotiator for Ladbrokes. As the Pennsylvania courts have spelled out, the gist of the action doctrine bars tort claims against an individual defendant where the contract between the plaintiff and the officer’s company created the duties that the individual allegedly breached. See Flynn Co. v. Peerless Door & Glass, Inc., 2002 WL 1018937, at *3 (Pa.Com.Pl. May 15, 2002) (stating that because it was the contract between the “plaintiff and defendants that created the duties which Pratt [the individual in question] allegedly breached” that the gist of the action doctrine barred a suit against the company’s officer); Atchison Casting Corp. v. Deloitte & Touche, LLP, 2003 WL 1847665, at * 1 (Pa.Com.Pl. March 14, 2003) (dismissing tort claims against corporation and individual defendants who were employees of corporation on basis of the gist of the action doctrine); Flynn Co. v. Cytometrics, Inc., 2000 WL 33711055, at *4 (Pa.Com.Pl. Nov.17, 2000) (dismissing misrepresentation claims against corporation and its employees individually under the gist of the action doctrine because the alleged misrepresentations were breaches of the exclusive representation agreement). All of Ross’s alleged misrepresentations concerned matters governed by the Letter of Intent between Ladbrokes and Williams.
After reviewing, all of Williams’s arguments, we affirm the District Court order granting summary judgment in favor of Ladbrokes on the tort claims at issue.