**Rafi M. KHAN, Plaintiff–counter–defendant–Appellee,**

v.

**SHAMROCK PARTNERS, LTD., a Pennsylvania corporation; John E. Schmidt, Executor of the Estate of James T. Kelly, Defendants–counter–claimants–Appellants.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Rafi M. Khan, Plaintiff–counter–
defendant–Appellant,

v.

Shamrock Partners, Ltd., a Pennsylva-
nia corporation; John E. Schmidt, Ex-
ecutor of the Estate of James T. Kelly,
Defendants–counter–claimants–Appel-
lees.

Rafi M. Khan, Plaintiff–counter–
defendant–Appellant,

v.

Shamrock Partners, Ltd., a Penn-
sylvania corporation, Defen-
dant-counter-claimant,

and

John E. Schmidt, Executor of the Es-
tate of James T. Kelly, Defendant-
counter–claimant–Appellee.

Nos. 05–56882, 05–56948, 06–55515.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 2008.

Filed Sept. 8, 2008.

Saied Kashani, Foley & Lardner, LLP,
Los Angeles, CA, for Plaintiff–counter–de-
fendant–Appellee.

Neil Epstein, Eckert Seamans Cherin &
Mellott, LLC, Philadelphia, CA, David R.
Shaub, Shaub & Williams, Los Angeles,
CA, for Defendants–counter–claimants–
Appellants.

Before: KOZINSKI, Chief Judge, D.W.
NELSON and BEA, Circuit Judges.

MEMORANDUM *

1. We find that Khan waived his chal-
lenge to the timeliness of Defendants' ar-
gument based on the "gist of the action"
doctrine when he argued the issue on the
merits in his Opposition to Defendants'
Rule 50 Motions. *See Graves v. City of
Coeur D'Alene*, 339 F.3d 828, 838–39 (9th
Cir.2003) (finding that parties waived their
challenge to a Rule 50(b) motion where
they failed to raise it until the appeal),
*abrogated in part on other grounds by
Hiibel v. Sixth Judicial Dist. Court*, 542
U.S. 177, 124 S.Ct. 2451, 159 L.Ed.2d 292
(2004).

a. On the merits, we find that the
Pennsylvania "gist of the action" doctrine
bars Khan's conversion claim against
Shamrock. "[A] claim should be limited to
a contract claim when the parties' obli-
gations are defined by the terms of the
contracts, and not by the larger social
policies embodied by the law of torts."
*Hart v. Arnold*, 884 A.2d 316, 339–40
(Pa.Super.Ct.2005). Here, Shamrock's ob-
ligation to transfer the warrants was de-
rived from, and defined by, the clearing
agreement. *Bernhardt v. Needleman*, 705
A.2d 875, 876 (Pa.Super.Ct.1997), is inap-
posite because it relies on the Pennsylva-
nia Rules of Professional Conduct, which
are not applicable in this case. Thus the
"gist of the action" doctrine bars the con-
version claim against Shamrock.

b. The "gist of the action" doctrine also
bars Khan's conversion claim against Kel-
ly. "As the Pennsylvania courts have
spelled out, the gist of the action doctrine
bars tort claims against an individual [offi-
cer] where the contract between the plain-

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

by 9th Cir. R. 36–3.

tiff and the officer's company created duties that the individual allegedly breached." *Williams v. Hilton Group PLC,* 93 Fed.Appx. 384, 387 (3d Cir.2004); *see also eToll, Inc. v. Elias/Savion Adver., Inc.,* 811 A.2d 10, 20–21 (Pa.Super.Ct.2002) (finding that tort claims were barred against *both* an advertising agency *and* its officers, even though only the agency signed the contract). We decline to apply the rule established by *Levert v. Philadelphia International Records,* No. 04–1489, 2005 WL 2271862 at *3 (E.D.Pa. Sept. 16, 2005) because it is not supported by Pennsylvania authority. Thus we reverse the award of damages for conversion and we remand for a re-election of remedies.

2. We reject Defendants' challenge to the jury instructions. The district court determined that Khan established a prima facie case for breach, but that Shamrock would not be liable if a jury determined that Khan materially breached the Clearing Agreement first. This holding comports with "[t]he general rule [ ] that a party who has materially breached a contract may not complain if the other party refuses to perform his obligations under the contract." *Ott v. Buehler Lumber Co.,* 373 Pa.Super. 515, 541 A.2d 1143, 1145 (1988). The court did not abuse its discretion when it instructed the jury that "Mr. Khan is entitled to damages for Shamrock Partner's breach of the contract, related to the Modacad warrants, subject to Shamrock Partners' defenses if any." Further, the jury needed to be told that liability had been determined for it to calculate damages.

3. We affirm the district court's evidentiary rulings excluding evidence regarding Defendants' state of mind.

a. We decline to consider the exclusion of the testimony of Modacad's attorney and Kelly regarding Modacad's willingness to issue the warrants because Defendants failed to raise their argument at trial.

b. The district court acted within its discretion when it excluded Kelly's testimony that he believed the Closing Agreement obligated Khan to pay exercise costs. Defendants were not prejudiced by the ruling because Kelly's prior inconsistent statements undermined the probative value of the testimony. *See Wall Data Inc. v. Los Angeles County Sheriff's Dep't,* 447 F.3d 769, 782 (9th Cir.2006) (we review evidentiary rulings for abuse of discretion, and prejudice must be shown to warrant reversal).

c. The district court acted within its discretion when it excluded Khan's Consent to the Entry of Final Judgment in *SEC v. Khan* because the risk that the jury would consider the evidence for the wrong purpose considerably outweighed its limited probative value. Additionally, Defendants were not prejudiced by this ruling because the district court allowed testimony regarding the existence of the Final Judgment of Permanent Injunction and Other Relief Against Khan into evidence.

d. The district court also acted within its discretion when it excluded the factual findings from the SEC's Order Making Findings and Imposing Remedial Sanctions and Cease–and–Desist Order Against Defendants. The fact that Khan was not a party to the proceeding and had no opportunity to participate, while not conclusive under Federal Rule of Evidence 803(8)(C), suggests that the evidence might be less trustworthy and therefore less probative.

4. We affirm the district court's decision not to impose alter ego liability. The jury's factual findings weigh against piercing the corporate veil. *See Lumax Indus., Inc. v. Aultman,* 543 Pa. 38, 669 A.2d 893,

895 (1995) (listing factors to be considered in piercing the corporate veil). We distinguish this case from *Ashley v. Ashley*, 482 Pa. 228, 393 A.2d 637, 641 (1978), because *Ashley* involved: (1) securities purchased with corporate assets issued to the defendant personally, (2) the defendant's testimony that he was "one and the same" as the corporation, and (3) the defendant's purchase of his house with corporate funds. In the absence of such extreme facts, we find that the district judge did not err when it declined to pierce the corporate veil.

5. We decline to reach whether damages for unjust enrichment may be awarded in addition to damages for conversion, because we find that the "gist of the action" doctrine bars recovery for conversion.

6. Finally, we find that the district court did not abuse its discretion by staying judgment enforcement proceedings after Defendants filed a supersedeas bond. Although, "a pre-bond levy is not automatically extinguished by operation of law upon the Court's approval of a Rule 62(d) supersedeas bond," the Central District of California has suggested that a court may "invoke its general equitable authority" to stay the enforcement of pending levies. *Ribbens Int'l, S.A. de C.V. v. Transport Int'l Pool, Inc.*, 40 F.Supp.2d 1141, 1145–46 (C.D.Cal.1999); *see also Hawaii Housing Auth. v. Midkiff*, 463 U.S. 1323, 1324, 104 S.Ct. 7, 77 L.Ed.2d 1426 (1983) ("[I]t is well-settled that a court retains the power to grant injunctive relief to a party to preserve the status quo during the pendency of an appeal. . . .").

Each party shall bear its own costs on appeal.

AFFIRMED IN PART and RE-VERSED IN PART with REMAND for a re-election of remedies.