## Kang v. Trustees of the University of Pennsylvania

*Christopher Ezold,* for appellant.
*Mark J. Foley,* for appellees.

TERESHKO, *J.,* August 23, 2010—Plaintiff Bin Kang appeals this court's order granting the preliminary objections of defendants, trustees of the University of Pennsylvania, Mr. Ramin Sedehi, and Dr. Richard Schultz, and dismissing the complaint against said defendants.

## I. BACKGROUND

Plaintiff commenced this action following the termination of his employment with the University of Pennsylvania. In January 2002, plaintiff was appointed to the position of postdoctoral fellow with the Biology Department of the University of Pennsylvania, effective February 1, 2002. (Complaint, ¶2.) The letter of appointment indicated that 2002 was the first year of a possible five-year appointment. (*Id.*) The University of Pennsylvania hires individuals who have attained either a Ph.D. or a M.D. degree for the purpose of conducting research into various scientific and academic matters. (*Id.,* ¶9.)

Plaintiff's appointment was renewed for one-year increments in 2003, 2004, 2005, and 2006. (*Id.,* ¶¶22-

23.) Plaintiff was employed pursuant to a written employment contract. The University of Pennsylvania maintained and enforced a "Policy for postdoctoral fellows in the Physical, Biological, and Health sciences and in engineering at the University of Pennsylvania." (*Id.,* exhibit B.) Under the section entitled "Obligations of postdoctoral fellows," the policy states, in part, that:

"Postdoctoral fellows have certain obligations to their mentor, the unit in which they are working, the department with which they are associated, the grantor whose funds support them, and the university. These obligations include but are not limited to: . . .

"(vi) collegial conduct towards co-workers and members of the research group; . . . ." (Policy for postdoctoral fellows in the Physical, Biological, and Health sciences and in engineering at the University of Pennsylvania.)

During the fall of 2005, plaintiff allegedly engaged in conduct that was disruptive and prohibited by this policy by harassing his co-workers and accessing their e-mail accounts without permission. (Complaint, ¶37; memorandum in support of defendants' preliminary objections to plaintiff's complaint, exhibit 2.)

A meeting between plaintiff, defendant Sedehi, the associate dean of the School of Arts & Sciences at the University of Pennsylvania, the chair of the Biology Department, and plaintiff's supervisor took place on October 24, 2005. This meeting was documented by way of a December 21, 2005 letter from defendant Sedehi to plaintiff, which amended the terms of plaintiff's employment. (*Id.*) Plaintiff was informed that he

would be able to remain in his position even though he had engaged in prohibited conduct, but that his employment would be terminated if he should further engage in prohibited conduct. The letter reads, in part:

"The behavior you have exhibited is grounds for termination. However, as we informed you, we have decided to give you one more chance to continue your research work at Penn but subject to the following terms:

"• You may not harass, attempt to intimidate, or engage in violent outbursts regarding anyone at Penn whether they are colleagues, professors, students or staff . . . If you engage in such behavior again your postdoctoral fellowship and any other relationship with Penn will be terminated immediately.

"• If you again access, or attempt to access, anyone's e-mail account without permission, your postdoctoral fellowship and any other relationship with Penn will be terminated immediately." (*Id.*)

In July 2006, plaintiff, again, allegedly engaged in prohibited conduct similar to that which was outlined in the December 21 letter. (Complaint, ¶43.) Plaintiff's employment with the University of Pennsylvania was terminated on August 4, 2006. (*Id.,* ¶45.) Plaintiff, in his complaint, asserted claims for breach of contract (Count I) and wrongful discharge (Count II)[1] stemming from his August 4, 2006 termination.

---

1. Plaintiff voluntarily withdrew Count II of his complaint by way of his response in opposition to defendants preliminary objections, filed April 30, 2010. (See p. 5.)

After review of the preliminary objections and responses thereto, this court granted and sustained defendants' preliminary objections and dismissed with prejudice plaintiff's claims against all defendants on May 17, 2010. On June 1, 2010, plaintiff timely filed an appeal from the May 17 order. Plaintiff then filed his concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) on June 11, 2010. The issue for review on appeal is as follows:

"Whether the trial court erred in finding that plaintiff has failed to provide sufficient evidence that defendants breached the employment contract with plaintiff."

## II. DISCUSSION

A preliminary objection in the nature of a demurrer tests the legal sufficiency of the plaintiff's complaint. *Smith v. Wagner,* 403 Pa. Super. 316, 588 A.2d 1308 (1991). The standard of review in granting preliminary objections is that "all material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom, are admitted as true." *Youndt v. First National Bank of Port Allegany,* 868 A.2d 539, 542 (Pa. Super. 2005). "A preliminary objection in the nature of a demurrer must be sustained where it is clear and free from doubt that the law will not permit recovery under the facts alleged." *Petsinger v. Department of Labor and Industry,* 988 A.2d 748, 753 n.1 (Pa. Commw. 2010) (citing *Africa v. Horn,* 701 A.2d 273 (Pa. Commw. 1997)).

Plaintiff alleges that, by terminating his employment, defendants breached his employment contract. In order

to state a cause of action for breach of contract, plaintiff's complaint must contain averments of fact which, if proven, would establish "(1) the existence of a contract, *including its essential terms,* (2) a breach of a duty imposed by the contract and (3) resultant damages." *Core-States Bank v. Cutillo,* 723 A.2d 1053, 1058 (Pa. Super. 1999) (citing *General State Authority v. Coleman Cable and Wire Co.,* 27 Pa. Commw. 385, 365 (1976)). (emphasis added) In construing the terms of his employment contract, plaintiff ignores the section of the contract dealing with "Obligations of postdoctoral fellows," as well December 21, 2005 letter from the dean of University of Pennsylvania. Both emphasize collegial conduct in the workplace. Plaintiff's conduct of in 2005 and 2006 was clearly prohibited by the University of Pennsylvania's policy and breached his obligations under the employment contract.

The December 21, 2005 letter sets forth in further detail the "Obligations of postdoctoral fellows" as stated in plaintiff's employment contract. The letter specifically stated that if plaintiff engaged in any of the described prohibited conduct, his employment would be immediately terminated. (Complaint, ¶37; memorandum in support of defendants' preliminary objections to plaintiff's complaint, exhibit 2.) Plaintiff contends that, because the December letter was not attached to his complaint, it should not be considered in determining the preliminary objections. However, plaintiff makes note of this letter in his complaint. (Complaint, ¶36.) The main force of the letter, that plaintiff's employment would be terminated if he harassed his co-workers or impermissibly accessed anyone's e-mail account, is noted in the

complaint. (*Id.*, ¶37.) That the letter referenced was not attached as an exhibit to plaintiff's complaint does not preclude it from being reviewed by this court in determining defendants' preliminary objections because it was unrebutted that the letter was part of the plaintiff's contract of employment the breach of which he alleges.

"The general rule is that a party who has materially breached a contract may not complain if the other party refuses to perform his obligations under the contract. . . . A party also may not insist upon performance of the contract when he himself is guilty of a material breach of the contract." *Ott v. Buehler Lumber Co.,* 373 Pa. Super. 515, 518, 541 A.2d 1143, 1145 (1988). (internal citations omitted) Plaintiff was aware that, pursuant to his employment contract, he must follow the policy guidelines set out by the University of Pennsylvania. It is clear that plaintiff breached the terms of his employment contract by engaging in conduct that was prohibited by the university's policy by harassing co-workers and accessing other's email accounts. He was reminded that this conduct was a violation of the policy of the school in a meeting with the dean of the school and by the letter of December 21, 2005. Despite having been reminded of the school's policy on several occasions, plaintiff continued to conduct himself in a manner that was a violation of the policy for postdoctoral fellows at the University of Pennsylvania.

Because plaintiff continued to engage in conduct that was a violation of the policy for postdoctoral fellows at the University of Pennsylvania, it constituted a material breach of his employment contract. Therefore, plaintiff's allegations in his complaint that the defendants breached

the employment contract are without merit. Because plaintiff did not properly state a cause of action for breach of contract, it was proper for the court to grant the preliminary objections of defendants.

## III. CONCLUSION

For the foregoing reasons, this court's order granting defendants' preliminary objections to plaintiff's complaint and dismissing plaintiff's complaint, should be affirmed.