J-A28021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOSE GONZALEZ I/T/A PHILADELPHIA 4 CONSTRUCTION AND PHILADELPHIA 4 CONSTRUCTION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SAM'S MIDTOWN GROUP, INC. | |
| Appellant | No. 103 EDA 2015 |

Appeal from the Judgment Entered November 19, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): March Term, 2011, No. 1703

BEFORE:  GANTMAN, P.J., PANELLA, J., and SHOGAN, J.

MEMORANDUM BY PANELLA, J.                    **FILED JANUARY 12, 2016**

Appellant, Sam's Midtown Group, Inc. ("the Company"), appeals from the judgment after a jury verdict found it liable to Appellees, Jose Gonzalez and Philadelphia 4 Construction ("Contractor"),[1] on their claims for breach of contract.  The Company argues that Contractor was not entitled to relief as it substantially breached the construction agreement prior to the Company's breach, that the trial court erred in not sanctioning Contractor for discovery

---

[1] At the time of the contract, Appellee Gonzalez traded under the unregistered fictitious name of Philadelphia 4 Construction.  After filing the Complaint that initiated this matter, Gonzalez registered the fictitious name.  There is no indication in the record that Philadelphia 4 Construction is a limited liability business organization.

violations, and that the evidence at trial did not support the amount of damages awarded by the jury. After careful review, we affirm.

The factual predicate of this litigation is largely undisputed. The Company, desiring to renovate a Philadelphia property in order to operate a restaurant there, hired a project manager to oversee the renovations. The project manager recommended the carpentry services of Contractor, and the Company entered into a written agreement with Contractor. Under the written agreement, Contractor was to submit invoices to the project manager for approval and payment. The written agreement required a detailed breakdown of material and subcontractor costs incurred by the Contractor. Furthermore, Contractor was required to obtain a two million dollar comprehensive insurance policy that covered, *inter alia*, property damages due to collapse.

Contractor did not strictly comply with the requirements for detailed breakdowns of costs with all of his invoices. Nor did Contractor have a two million dollar comprehensive insurance policy at the time he started working on the project.

Contractor proceeded to perform the renovations listed in the written agreement to the property beginning in August 2008. Shortly thereafter, a structural wall at the site collapsed, causing the collapse of floors and other walls. The damage was repaired, and construction continued. Contractor's

invoices were submitted to the project manager and were paid through February 2009.

Starting in March 2009, difficulties arose with the project. The project manager quit and left the site, claiming that it had not been paid. The parties agree that Contractor completed the tasks listed in the original, written agreement. However, at this point the parties disagree about what happened.

Contractor presented evidence that he reached an oral agreement with the Company to finish the renovations after the project manager walked off the site. The Company presented evidence that it repeatedly asked Contractor to fix instances of poor workmanship on tasks that it had already completed. Contractor claims that it walked off the site after the Company failed to abide the oral agreement and pay him for finishing the job. The Company claims that Contractor would not address its requests to fix the problems with the Contractor's previous work and instead just walked away from the job.

Several years later, Contractor instituted this litigation by filing a complaint against the Company for breach of contract, violation of the Contractor and Subcontractor Payment Act[2], and unjust enrichment. After lengthy discovery, a jury trial was held resulting in a verdict that the

_____

[2] 73 P.S. §§ 501-516.

Company had breached its contract with Contractor and was liable for $175,000 in damages. The Company filed post-trial motions, which the trial court denied, and this timely appeal followed.

On appeal, the Company raises three broad issues, which include related sub-issues. In its first issue, the Company argues that the trial court erred in its handling of the Company's defense premised upon its allegation that Contractor materially breached the agreement first. In its first sub-argument, the Company contends that it was entitled to judgment in spite of the verdict ("JNOV"). We review a decision denying JNOV by the following standard.

> A JNOV can be entered upon two bases: (1) where the movant is entitled to judgment as a matter of law; and/or, (2) the evidence was such that no two reasonable minds could disagree that the verdict should have been rendered for the movant. When reviewing a trial court's denial of a motion for JNOV, we must consider all of the evidence admitted to decide if there was sufficient competent evidence to sustain the verdict. In so doing, we must also view this evidence in the light most favorable to the verdict winner, giving the victorious party the benefit of every reasonable inference arising from the evidence and rejecting all unfavorable testimony and inference. Concerning any questions of law, our scope of review is plenary. Concerning questions of credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact. If any basis exists upon which the jury could have properly made its award, then we must affirm the trial court's denial of the motion for JNOV. A JNOV should be entered only in a clear case.

***Griffin v. Univ. of Pittsburgh Med. Center-Braddock Hosp.***, 950 A.2d 996, 999 (Pa. Super. 2008) (citation omitted).

Here, the Company contends that it is undisputed that Contractor failed to adhere by the terms of the contract from the very beginning, including poor workmanship, a failure to obtain sufficient insurance, and a failure to properly document costs on his invoices. Generally, a party who has materially breached a contract may not "complain if the other party refuses to perform his obligations under the contract." **Ott v. Buehler Lumber Co.**, 541 A.2d 1143, 1145 (Pa. Super. 1988) (citation omitted). "[A] material breach of a contract, which is vital to the existence of the contract, relieves the non-breaching party from any *continuing duty of performance* under the contract." **Umbelina v. Adams**, 34 A.3d 151, 159 (Pa. Super. 2011) (citation omitted) (emphasis in original). Thus, the Company argues, it was entitled to judgment as a matter of law.

In contrast, Contractor provided evidence that the initial, written agreement was completed, and that he was fully paid for his work pursuant to the written agreement. **See** N.T., Trial, 5/5/14, 134-138. Contractor testified that his claims in this matter arose from separate, oral agreements he made with the Company. **See id**., at 138-142. No evidence was presented to the jury that these oral agreements contained similar conditions as the written agreement. Viewing this evidence in a light most favorable to Contractor, as the verdict winner, we cannot conclude that the Company had established a prior breach of the oral agreement as a matter

of law. Thus, we conclude that the Company is due no relief on this claim on appeal.

In a related sub-issue, the Company argues that the trial court erred in failing to instruct the jury on the law regarding its defense of prior breach. In particular, the Company submitted the following proposed jury instruction prior to trial.

> In order for [Contractor] to recover on his breach of contract cause of action, [Contractor] also must not have breached the agreement.

> When a party to a contract seeks to enforce the agreement or to recover damages for breach of the agreement, that party must prove that he has performed all of his own obligations under the contract.

> If you find that [Contractor] breached the agreement, you must find for [the Company] on the breach of contract cause of action even if you find that [the Company] breached the agreement.

However, the Company did not discuss this instruction during the charge conference. Nor did the Company object after the trial court concluded its jury instruction. Instead, when the trial court requested any objections after the instruction, counsel for the Company responded "No, Your Honor. I think you covered the points." N.T., Trial, 5/7/14, at 92. The Company thus waived any issues it had with the jury instructions given by the trial court. *See James v. Ferguson*, 162 A.2d 690, 693 (Pa. 1960) ("Failure of trial counsel to manifest any disagreement with the court's instructions precludes, in the absence of fundamental and prejudicial error, a subsequent contention that it was erroneous."); *see also Murphy v. Taylor*, 269 A.2d

486, 489 (Pa. 1970) (Failure to raise an objection until after jury returns a verdict results in waiver of objection.)

Next, the Company contends that the trial court erred in failing to grant JNOV due to numerous alleged discovery violations on the part of Contractor. We will not disturb a trial court's imposition of sanctions, or lack thereof, due to a party's failure to comply with a discovery order absent an abuse of discretion. *See Schweikert v. St. Luke's Hosp. of Bethlehem, Pennsylvania*, 886 A.2d 265, 268 (Pa. Super. 2005) (citation omitted).

> Nevertheless, the court's discretion is not unfettered: because "dismissal is the most severe sanction, it should be imposed only in extreme circumstances, and a trial court is required to balance the equities carefully and dismiss only where **the violation of the discovery rules is willful** and the opposing party has been prejudiced." Consequently, where a discovery sanction either terminates the action directly or would result in its termination by operation of law, the court must consider multiple factors balanced against the necessity of the sanction.
>
> In determining whether dismissal is appropriate, this Court has instructed that the following factors are to be considered:
>
> > (1) the nature and severity of the discovery violation;
> >
> > (2) the defaulting party's willfulness or bad faith;
> >
> > (3) prejudice to the opposing party;
> >
> > (4) the ability to cure the prejudice; and
> >
> > (5) the importance of the precluded evidence in light of the failure to comply.

*Rohm and Haas Co. v. Lin*, 992 A.2d 132, 142 (Pa. Super. 2010) (internal citations omitted). "We are mindful that each factor represents a necessary consideration, not a necessary prerequisite." *Id*. (citation omitted).

The Company argues that the trial court should have imposed the most drastic sanction of dismissing Contractor's cause of action. While we are without the benefit of the trial court's explicit reasoning on the issue, we conclude that the trial court did not abuse its discretion by failing to dismiss Contractor's claims. The Company's complaints center on two types of discovery: the written records of costs incurred and hours worked by Contractor, and proof of payment of an alleged fine. While the lack of written records of costs and labor were relevant evidence and might have helped discredit Contractor's testimony, the Company exhaustively questioned Contractor about the lack of such documents and how their absence impacted on his credibility. *See*, *e.g.*, N.T., Trial, 5/5/14, at 202-208. While this solution was not optimal in the Company's opinion, it allowed the Company to challenge Contractor's credibility with his failure to produce these records. We therefore conclude that the trial court did not err in refusing to dismiss Contractor's case as a sanction.

The Company's other claim regards Contractor's failure to register his fictitious name, Philadelphia 4 Construction, while the work was being done. Contractor admits that he did not register his fictitious name until May 9, 2011, after he filed his initial complaint, but prior to the filing of an amended complaint. The Company, citing 54 Pa.C.S.A. § 331, argues that Contractor was precluded from bringing suit until he paid a civil fine for doing business before registering. However, section 331 does not preclude Contractor's suit as there is no contention that the Company did not know of Contractor's real

identity. *See George Stash & Sons v. New Holland Credit Company, LLC*, 905 A.2d 541, 543 (Pa. Super. 2006). Therefore, the trial court did not abuse its discretion in failing to dismiss Contractor's case due to the alleged discovery violation.

In a related sub-issue, the Company argues that the trial court erred in failing to instruct the jury on spoliation. For the same reasons that we found the Company's previous jury instruction argument waived, we conclude that this argument is waived. The Company did not raise this issue after the instruction when the trial court asked for any additions or corrections. Thus, the Company cannot now gain relief on appeal on this issue.

In its final issue, the Company argues that the trial court erred in failing to grant its motion for remittitur. However, the argument section of the Company's brief in support of this issue is completely devoid of legal authority supporting the Company's argument. *See* Appellant's Brief, at 21-23. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Eichman v. McKeon*, 824 A.2d 305, 319 (Pa. Super. 2003). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-943 (Pa. Super. 2006). We will

not act as counsel for the Company and research this issue for it. We therefore find no basis upon which to grant the Company's request.

As we conclude that none of the Company's issues on appeal merit relief, we affirm the judgment.

Judgment affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/12/2016</u>