**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2912
_____

PETER BRUSAMONTI; LISA BRUSAMONTI,
husband and wife, on behalf themselves and on
behalf of all others similarly situated,

                                                                        Appellants

v.

XTO ENERGY INC
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-20-cv-00652)
District Judge:  Honorable Cathy Bissoon
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 9, 2024

Before: SHWARTZ, PHIPPS, and MONTGOMERY-REEVES, *Circuit Judges*.

(Opinion filed: December 5, 2024)
_____

OPINION*
_____

MONTGOMERY-REEVES, *Circuit Judge*.

        Peter Brusamonti and Lisa Brusamonti (the "Brusamontis" and collectively with

the purported class, "Plaintiffs") appeal the District Court's order granting summary

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

judgment for XTO Energy Inc. ("XTO Energy") and striking Plaintiffs' motion for class certification. Because the District Court erred in granting summary judgment for XTO Energy, we will reverse in part and vacate in part and remand for further proceedings.

I.      BACKGROUND

In 2013, the Brusamontis and XTO Energy entered into an oil and gas lease (the "Lease"). Under the Lease, XTO Energy agreed to pay the Brusamontis monthly royalties without deducting production or post-production costs. The Brusamontis agreed that the Lease would "never be subject to a civil action due to [XTO Energy's] alleged failure to perform as specified herein, unless [XTO Energy] has received written notice of [the Brusamontis'] demand and thereafter fails or refuses to satisfy [the Brusamontis'] demand within sixty (60) days from the receipt of said notice by registered mail [(the "Notice-and-Cure Provision")]." App. 33.

In February 2019, the Brusamontis notified XTO Energy by voicemail that production cost deductions, beginning in January 2019, erroneously were being taken from their royalty checks. Three weeks later, they had not received a response, so on March 4, 2019, they followed up by email. XTO Energy began reimbursing the Brusamontis in late 2019 and continued through August 2020. By August 2020, XTO Energy had reimbursed the Brusamontis for all but $2.57 of the payments wrongfully withheld.

Plaintiffs filed this lawsuit on May 4, 2020. At no point prior to that did XTO Energy receive notice of the Brusamontis' claim by registered mail. On October 26, 2022, the District Court referred the parties to mediation. On the same day, the District

2

Court entered a case management order that contemplated completion of class certification discovery "on or before March 17, 2023" and the filing of the motion for class certification "by May 26, 2023." App. 84, 86. On November 8, the parties filed a joint status report. After reviewing the parties' joint status report and a video of their meet and confer, the District Court ordered (1) the case management deadlines to be held in abeyance and (2) XTO Energy to file a dispositive motion by December 14. XTO Energy filed a motion for summary judgment on December 14. Along with their opposition to XTO Energy's motion for summary judgment, Plaintiffs filed a motion for class certification in January 2023. The District Court granted XTO Energy's motion for summary judgment and struck Plaintiffs' motion for class certification.[1] Plaintiffs appealed.

## II. DISCUSSION[2]

Plaintiffs challenge two parts of the District Court's order. First, they argue that the District Court erred in granting summary judgment for XTO Energy. Second, they argue that the District Court erred by striking their motion for class certification without addressing the merits. We address each challenge in turn.

---

[1] XTO Energy filed a motion for sanctions in response to Plaintiffs' class certification motion, which the District Court denied. XTO Energy did not cross-appeal that decision and neither party make any arguments about that decision on appeal, so we do not consider it.

[2] The District Court had jurisdiction over this case under 28 U.S.C. § 1332(d)(2). We have jurisdiction over this appeal under 28 U.S.C. § 1291.

**A.      Grant of Summary Judgment**

We exercise plenary review over a district court's grant of summary judgment, "meaning we review anew the District Court's summary judgment decisions, applying the same standard it must apply." *Ellis v. Westinghouse Elec. Co.*, 11 F.4th 221, 229 (3d Cir. 2021). "To prevail, [XTO Energy] as the moving party must show 'that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law.'" *Id.* at 229–30 (second alteration in original) (quoting Fed. R. Civ. P. 56(a)). "[W]e must view all facts 'in the light most favorable to the non-moving party, who is "entitled to every reasonable inference that can be drawn from the record."'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010)).

The District Court granted summary judgment for XTO Energy despite recognizing, at least twice, in its summary judgment opinion that there continued to be a dispute about whether XTO Energy had reimbursed the Brusamontis for all the wrongfully withheld production costs. The District Court found that the Brusamontis and XTO Energy dispute whether XTO Energy still owes $2.57 to the Brusamontis under the Lease. This conclusion is supported by evidence in the record and, viewing the facts in the light most favorable to the nonmoving party and drawing all inferences in their favor, establishes that there is a material question of fact as to the amount owed to the Brusamontis, which precludes the granting of summary judgment.

XTO Energy argues that there is no material dispute regarding damages for two reasons: (1) the Brusamontis made a binding judicial admission that they had been made

4

whole; and (2) the Brusamontis have not pointed to competent summary judgment evidence to support their claim for damages. XTO Energy also argues that we should affirm the District Court's order on an alternative ground, because the Brusamontis did not strictly comply with the Notice-and-Cure Provision before filing this lawsuit. None of its arguments succeeds.

### 1. Damages[3]

First, XTO Energy argues that because the Brusamontis, at some point in the initial case management conference, stated that they had been "made whole" and that because that statement constitutes a binding judicial admission, summary judgment must be granted for XTO Energy. To be a binding judicial admission, however, the statement must be one of fact and not a legal proposition. *Anderson v. Comm'r*, 698 F.3d 160, 167 (3d Cir. 2012). The statement that one has been "made whole," in this context, is a legal proposition rather than a fact, because it is shorthand for the proposition that the person has been fully compensated for all amounts to which they are legally entitled. *See, e.g.*, *Knecht, Inc. v. United Pac. Ins. Co.*, 860 F.2d 74, 80 n.7 (3d Cir. 1988) ("We regard this holding as essentially a legal conclusion as it is obvious that a litigant who expends money to recover a debt is not made whole absent recovery of its attorney's fees."). And

---

[3] XTO Energy argues that Plaintiffs did not preserve the issue of damages and thus waived or forfeited the issue on appeal. But Plaintiffs had already preserved the issue, which the District Court acknowledged when it determined that a material dispute of fact existed regarding the $2.57 in damages. The District Court, after recognizing ambiguity as to whether Plaintiffs were requesting interest or attorney's fees in addition to the $2.57 in damages, requested a clarifying motion. Plaintiffs' decision not to file such a motion did not foreclose them from arguing on appeal that they were nonetheless owed the original $2.57.

what constitutes all amounts to which they are *legally entitled* is at least partially a question of law and not a bare question of fact. Therefore, the Brusamontis' statement that they have been "made whole" is not a binding judicial admission that permits the granting of summary judgment.

Second, XTO Energy argues that the Brusamontis have not pointed to competent summary judgment evidence to support their claim. But to be considered on summary judgment, evidence only needs to be "*capable* of being admissible at trial." *Petruzzi's IGA Supermarkets, Inc. v. Darling-Del. Co.*, 998 F.2d 1224, 1234 n.9 (3d Cir. 1993) (emphasis added) (citing *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1542 (3d Cir. 1990)). The spreadsheet of data that underlies the simple arithmetic performed by Plaintiffs' counsel to arrive at the remaining $2.57 in dispute was provided by *XTO Energy*. And XTO Energy has pointed to nothing that would make the data included in that spreadsheet incapable of being admissible at trial. The District Court and this Court can therefore consider it for summary judgment purposes. As a question of material fact remains in dispute, the District Court erred in granting summary judgment for XTO Energy.[4]

---

[4] We need not address the Brusamontis' argument that they are also entitled to interest on the delayed payments because we are reversing and remanding the grant of summary judgment.

### 2.	Notice-and-Cure Provision

Alternatively, XTO Energy argues that the Brusamontis filed this lawsuit without complying with the "Notice-and-Cure Provision," which requires dismissal of this lawsuit.

XTO Energy essentially argues that the Brusamontis breached the Lease by not complying with the Notice-and-Cure Provision. But under Pennsylvania law, "a material breach of a contract relieves the non-breaching party from any continuing duty of performance thereunder," *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 648 (Pa. 2009), and "[a] party may not insist upon performance of the contract when he himself is guilty of a material breach of the contract," *id.* (alteration in original) (quoting *Ott v. Buehler Lumber Co.*, 541 A.2d 1143, 1145 (Pa. Super. Ct. 1988). Therefore, if XTO Energy's failure to pay the correct royalties under the Lease constituted a material breach of the lease, the Brusamontis might have been excused from complying with the Notice-and-Cure Provision.

Moreover, under Pennsylvania law, "inquiries into the materiality of a given breach [are] fact questions rather than questions of law to be decided from the bench." *Int'l Diamond Imps., Ltd. v. Singularity Clark, L.P.*, 40 A.3d 1261, 1272 (Pa. Super. Ct. 2012) (first citing *Ott*, 541 A.2d at 1145 and then citing *Cameron v. Berger*, 7 A.2d 293, 296 (Pa. 1939)). XTO Energy has made no showing regarding the potential materiality of the initial breach and therefore has not met its burden to show that there are no

7

material questions of fact. Thus, we will not affirm the District Court's grant of summary judgment on this alternative ground.

### B. Motion for Class Certification

Plaintiffs argue that the District Court erred in striking their motion for class certification without addressing the merits of the motion. The District Court struck Plaintiffs' motion for class certification on the grounds that the Brusamontis had "been made whole" and thus "cannot establish themselves as appropriate, adequate or typical class representatives." App. 5. As discussed above, there remains a question of material fact relevant to whether the Brusamontis have been fully repaid by XTO Energy, so to the extent that the District Court's order holds that they cannot be class representatives for that reason, the order is vacated. Otherwise, as the District Court pointed out, the striking of the class certification was without prejudice, so Plaintiffs are free to refile their motion for adjudication on the merits, as appropriate.[5]

## III. CONCLUSION

For the reasons discussed above, we will reverse in part and vacate in part the District Court's order and remand for further proceedings consistent with this opinion.

---

[5] Because we conclude that there is a dispute of material fact as to whether the Brusamontis have been fully repaid, their claims are not moot, and thus, we need not address the applicability of the relation back doctrine or picking-off exception at this time.