

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-27-2008

# Holst v. Oxman

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2346

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Holst v. Oxman" (2008). *2008 Decisions.* Paper 623.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/623

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2346
_____

HAZEL I. HOLST, M.D.,

Appellant

v.

HARRY J. OXMAN, ESQUIRE;
OXMAN, LEVITAN, GOODSTADT & KREVITZ, P.C.;
RODERICK T. POWELL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cv-00220)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted Under Third Circuit LAR 34.1(a)
June 5, 2008

Before:  FISHER, JORDAN and VAN ANTWERPEN, *Circuit Judges*.

(Filed: August 27, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Hazel I. Holst filed a complaint in the United States District Court for the Eastern

District of Pennsylvania against Harry J. Oxman and his law firm, Oxman, Levitan,

Goodstadt & Krevitz, P.C. (collectively, "Oxman"). The District Court dismissed her complaint with prejudice under Fed. R. Civ. P. 12(b)(6) and denied her two subsequent motions for leave to amend her complaint. Holst appeals, arguing that if she were granted leave to amend, the complaint could withstand a Rule 12(b)(6) motion. We will affirm.

I.

Holst is a retired plastic surgeon. In 2000, Roderick T. Powell, represented by Oxman, sued Holst for allegedly committing malpractice during a 1970 medical procedure. The suit was submitted for alternative dispute resolution. The case was resolved; Holst maintains that the arbitrator "rendered a verdict" in her favor, but the District Court noted that entries in the docket showed that the parties settled. In any event, Holst avers that she never performed a medical procedure on Powell and that the action constituted fraud as it lacked an evidentiary basis and was brought solely to extract money from her.

In January 2005, Holst filed her complaint against Oxman in the District Court, alleging (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (2) a Pennsylvania state-law claim of wrongful use of civil proceedings under 42 Pa. Cons. Stat. Ann. § 8351 *et seq.*, and (3) a Pennsylvania state-law claim of malicious abuse of process. The defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The District Court granted the motion, dismissing the claims with prejudice. After filing her notice of appeal, Holst filed two "motions to reconsider" in which she requested leave to amend her complaint. The District Court denied both motions.

II.

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review a District Court's denial of leave to amend a complaint for abuse of discretion. *Krantz v. Prudential Inv. Fund Mgmt.*, 305 F.3d 140, 144 (3d Cir. 2002).

III.

The District Court did not abuse its discretion in denying Holst permission to amend her complaint. In its memorandum opinion dismissing her complaint, the Court ruled that Holst failed to plead a RICO violation because she did not plead with sufficient particularity the predicate racketeering violations of mail and wire fraud. In addition, the Court determined that Holst did not demonstrate that the predicate acts amounted to a pattern of racketeering activity. For these reasons, the Court concluded that Holst had failed to state a RICO claim.[1]

Fed. R. Civ. P. 15(a)(2) states that a pleading may be amended "only with the opposing party's written consent or the court's leave. The court should freely give leave

---

[1]The District Court noted that federal jurisdiction depended on the adequacy of the RICO allegations. Since the Court dismissed the RICO claim, it was not required to address the state law claims. Nonetheless, the Court concluded that (1) the wrongful use of civil proceedings claim must be dismissed because the medical malpractice proceedings did not terminate in Holst's favor, and (2) the abuse of process claim must be dismissed because filing a claim in order to induce settlement negotiations is not an abuse of process. We have reviewed the state law claims and see no error in the District Court's analysis.

3

when justice so requires."[2] We have previously discussed when a court may deny leave to amend under Rule 15(a)(2):

> Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility. "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency.

*Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citations and some internal quotation marks omitted).

In her brief, Holst provided the text of her proposed amended complaint. The proposed amendment describes two other unsuccessful medical malpractice actions that Oxman filed on behalf of various clients. In addition, the proposed amendment alleges:

> The Defendants, acting in concert with each other and in conspiracy thereof, created certain mailings . . . which were . . . an intimate part of the fraud . . . . Further, the Plaintiff believes there were certain telephone communications in her case as well as in the two separate incidents referred to above which appear to qualify as violations of the wire fraud act and which were done in furtherance of and in violation of the RICO Act.

Appellant's Br. at 19.

---

[2]Fed. R. Civ. P. 15(a)(1) states that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading . . . ." Because Oxman's motion to dismiss was not a responsive pleading, see *Centifanti v. Nix*, 865 F.2d 1422, 1431 n.9 (3d Cir. 1989), Holst could have simply amended her complaint as a matter of course. However, because Holst filed a motion for leave to amend, we treat this case as one in which leave to amend was required. *Id.* at 1431.

4

The District Court did not abuse its discretion when it denied leave to amend the complaint, because the proposed Amended Complaint fails to state a claim under RICO and would therefore be futile. *See Shane*, 213 F.3d at 115. Under Fed. R. Civ. P. 9(b), a party "alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake."[3] A party can meet the requirements of Rule 9(b) by pleading the "date, place or time of the fraud," and the party "also must allege who made a misrepresentation to whom and the general content of the misrepresentation." *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004). Holst's proposed amendment would be futile because it fails to meet the *Lum* requirements: it does not give the date, time or place of the fraud or allege the general content of any misrepresentations. Therefore, the District Court properly denied leave to amend under Rule 15(a)(2).

Holst's brief lists the factors that a district court should consider when deciding whether to dismiss a case under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). However, Holst makes no argument with regard to the District Court's dismissal of her case with prejudice, and therefore we will not address this issue. *See Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 202-03 (3d Cir. 2004) ("[A]n issue is waived unless

---

[3]Holst cites Fed. R. Civ. P. 8 ("A pleading . . . must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). Based on Rule 8, she argues that she cannot be "thrown out of court" because her complaint lacks detailed facts. Her argument is misplaced, as the applicable rule for claims of fraud is Fed. R. Civ. P. 9(b).

5

a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court."). Even if we were to consider this argument, Holst's analysis misses the mark, since her case was dismissed under Rule 12(b)(6) and not Rule 41.

## IV.

For the foregoing reasons, we will affirm the District Court's order denying Holst leave to amend her complaint.