## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

GREAT ST. JIM, LLC, and LSJE, LLC, )
)
    Plaintiffs, )  CASE NO. ST-19-CV-57
 vs. )
)
PROSOLAR SYSTEMS, LLC, )  ACTION FOR BREACH
)  OF CONTRACT AND
    Defendant, )  FRAUD
_____ )

Cite as 2020 VI Super 25U

## MEMORANDUM OPINION

¶1 **THIS MATTER** is before the Court on Defendant ProSolar Systems, LLC (hereinafter "ProSolar")'s Motion to Dismiss Count II of Plaintiff's Complaint, filed on April 2, 2019 pursuant to the gist of the action doctrine and Virgin Islands Rules of Civil Procedure 9(b) and 12(b)6. Plaintiffs, Great St. Jim, LLC and LSJE, LLC (together "GSJ"), oppose the Motion.[1] For the reasons set forth herein the Motion will be denied.

¶2 In support of its Motion, ProSolar argues that 1)GSJ is "disguising a contract claim as a tort claim in contradiction of the gist of the action doctrine," and 2) GSJ has "failed to plead fraud with the requisite particularity required by V.I. R. Civ. P. 9(b)." For these reasons, ProSolar argues that Count II of GSJ's complaint should be

---

[1] The motion is fully briefed.

dismissed for "failure to state a claim upon which relief can be granted," pursuant to V.I. R. Civ. P. 12(b)(6).

## FACTS

¶3    On February 19, 2019, GSJ filed a two-count complaint for breach of contract (Count I) and fraud (Count II) against ProSolar. In their complaint, GSJ alleges that in or about November 2016, GSJ purchased twelve self-contained battery modules, each with a three-year warranty, for $154,338.00, and a solar power system for $192,211.00 from ProSolar. GSJ alleges that the purpose of the solar power system was to provide "continuous power" throughout the island of Great St. James. GSJ alleges that ProSolar assured them "that the solar power system would be able to function on a full-time basis and meet the energy needs" of the island, but that after they purchased it, the system "began to fail regularly and would shut down every morning. . . like clockwork." To address these issues, GSJ alleges that starting in April 2017, they had to pay ProSolar $350.00 per month for monthly service calls, which allegedly continued for more than a year. After the hurricanes struck the Virgin Islands in 2017, GSJ allege that they paid over $111,000.00 to "bring the solar power system into full operation," but that as of the date of filing the Complaint, the solar power system "continues to have system failures and does not meet the energy demands" of the island. GSJ also allege that they have been unable to replace the corroded circuit boards in the battery modules because ProSolar does not have parts to replace them, and that as such, the three-year warranty on each is futile.

## ANALYSIS

### I.   Gist of the Action Doctrine

¶4   In support of its 12(b)(6) motion, ProSolar argues that the gist of the action doctrine bars Count II of the Complaint.[2] The gist of the action doctrine "arises [] out of the concern that tort recovery should not be permitted for contractual breaches." *Pollara v. Chateau St. Croix, LLC*, No. SX-06-CV-423, WL 2016 2865874 at \*4 (V.I. Super. Ct. May 3, 2016) (internal quotations omitted) (quoting *Addie v. Kjaer*, 60 V.I. 881, 898 (3d Cir. 2013)).[3] It "is designed to maintain the conceptual distinction between breach of contract claims and tort claims" *V.I. Port Auth. v. Callwood*, 2014 V.I. LEXIS 11, \*10, 2014 WL 905816 (V.I. Super. Ct. Feb. 28, 2014). It "applies to claims (1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; 3) where liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract or the success of which is wholly dependent on the terms of the contract." *Pollara*, WL 2016 2865874 at \*8 (internal quotations omitted) (quoting *Williams v.*

---

[2] "The-gist-of-the-action doctrine is defined as 'the principle that a plaintiff who brings a tort claim arising from a contractual relationship must show that the contract and any contractual claim are collateral to the tort claims. The doctrine prevents plaintiffs from recasting contract claims as tort claims.'" *Franken v. Sisneros*, No. ST-15-CV-88 n.8 (V.I. Super. Ct. Apr. 19, 2016) (quoting Gist of the Action Doctrine, *Black's Law Dictionary* (9th ed. 2009)).

[3] The "important difference between contract and tort actions is that the latter '[l]ie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals.'" *Woodson v. Akal*, No. ST_16-CV-399, 2017 WL 3587370, at \*4 (V.I. Super. Ct. Aug. 17, 2017) (quoting *Pollara*, 2016 WL 2865874, at \*4 (V.I. Super. Ct. May 3, 2016)).

*Hilton Group PLC*, 93 Fed. Appx. 384, 386 (3d Cir. 2004)). The "doctrine precludes tort suits for the mere breach of contractual duties unless the plaintiff can point to separate or independent events giving rise to the tort." *Pollara*, WL 2016 2865874 at *4 (internal quotations omitted) (quoting *Kjaer*, 60 V.I. at 899). Following a *Banks* analysis,[4] the Court in *Pollara* found that this rule, articulated by the Third Circuit, represents the soundest rule for the Virgin Islands. *Pollara*, WL 2016 2865874 at *6.[5] Accordingly, if "the harm incurred arose from the breach of a duty established within the four corners of a contract, then the aggrieved party's remedies are governed by contract law."[6] *Pollara*, WL 2016 2865874 at *6. Conversely, if "the harm is separate and distinct from the contract, creating a viable, stand-alone tort claim, then the gist of the action doctrine will not prevent the tort claim from being litigated." *Pollara*, WL 2016 2865874 at *6. (citing *Air Products and Chemicals, Inc. v. Eaton Metal Products Co.*, 256 F.Supp.2d at 329, 341 (E.D. Pa. 2003)). To meet this burden, a party must show that the damages resulting from the tortious fraudulent

---

[4] *Banks v. International Rental & Leasing Corp.*, 55 V.I. 967, 983-85 (V.I. 2011).

[5] To date, the Supreme Court of the Virgin Islands has not decided whether the gist of the action doctrine is a part of the Virgin Islands common law. However, "Virgin Islands courts almost unanimously apply the gist of the action doctrine." *Franken* No. ST-15-CV-88, slip op. at 10 (finding that "the gist of the action test has been broadly applied in the Superior Court of Virgin Islands, the Federal District Court of the Virgin Islands, and the Third Circuit").

[6] In *Franken*, this Court also conducted a *Banks* analysis of the gist of the action doctrine, through which the Court found sufficient justification to bar a tortious action for breach on a duty that arose from the terms of a contract. *Franken* No. ST-15-CV-88, slip op. at 11-12. In its decision, the Court found that the gist of the action should not be "automatically applied," but that its application should depend on the facts of each case and the point of the life of the case in which the rule is asked to be applied. *Franken* No. ST-15-CV-88, slip op. at 11-12.

misrepresentation claim "are separate and distinct" from the damages resulting from the breach of contract claim.   *Pollara*, WL 2016 2865874 at *6.

## A. Count II is Not Barred by the Gist of the Action Doctrine

¶5     ProSolar argues that Count II of GSJ's complaint should be barred by the gist of action doctrine because it represents a breach of contract issue that "arises solely from the agreement between the parties" and that Count II states a nearly identical claim to that set forth in Count I. ProSolar further argues that the claim is not one of "tortious fraudulent misrepresentation because the misrepresentation claimed by the Plaintiffs are a part of the agreement," because the "liabilities stem. . . from an agreement," and because the "success of the tort claim is entirely dependent on the terms of the agreement." For these reasons, ProSolar argues that Count II merely "duplicates the breach of contract claim" and should be barred from consideration. ProSolar cites to *Woodson v. Akal*, in which this Court found that the plaintiff's complaint did not allege a breach of contract because the duty breached was a fiduciary duty owed to the plaintiff as a partner and was not one imposed by contractual agreement. *Woodson*, 2017 WL 3587370, at *4. The Court predicated its analysis on the distinction between fraud in the inducement and fraud in the performance, finding that the former is "generally collateral to (i.e., not 'interwoven' with) the terms of the contract itself." *Woodson*, 2017 WL 3587370, at *4 (quoting *V.I. Port. Auth. v. Callwood*, No. ST-11-CV-305, 2014 WL 905816, at *5 (V.I. Super. Ct.

Feb. 28, 2014)). "Where fraud claims are inextricably intertwined with the contract claims, the gist of the action is contractual, and the fraud claim should be dismissed." *Id.*

¶6     Conversely, GSJ asserts that the mere presence of a breach of contract issue does not bar Count II of their complaint. GSJ argues that "[i]f the mere existence of the contract itself caused the tort claim to be barred by the gist of action doctrine then fraudulent inducement/misrepresentation would cease to exist as a tort." The Court agrees. GSJ also argues that since their claim is one for fraudulent inducement, it is not "inextricably intertwined" with its contract claim. *See Callwood*, 2014 WL 905816, at *5. The Court agrees with this argument as well. The allegations of Count I set forth a basis for breach of contract, that ProSolar entered into a contract to provide equipment and services and was ultimately unable to do so. Count II alleges that at the time of entering into the contract, ProSolar knew it could not provide the a fully functional system and misrepresented its ability to do so. The Court finds that GSJ's claim is distinct and tortious in nature, rather than contractual. As such, the Court finds that GSJ's claim of fraud is not barred by the gist of action doctrine. The Court will now turn to ProSolar's alternative argument to assess whether GSJ's claim of fraud is adequately pled.

## II.    Motion to Dismiss

¶ 7    Alternatively, ProSolar argues that Count II of GSJ's complaint should be dismissed for its failure to satisfy the heightened pleading requirement for claims of fraud. In support of its motion, ProSolar relies on the three-pronged plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and previously applied by the Supreme Court of the Virgin Islands *in Joseph v. Bureau of Corrections*, 54 V.I. 644, 650 (V.I. 2011). However, effective March 31, 2017 the V.I. Supreme Court adopted the Virgin Islands Rules of Civil Procedure, which supersede all previous civil procedure rules applicable to the Superior Court. *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017). Since then, the Virgin Islands has been a notice pleading jurisdiction, which applies a less rigorous standard to evaluating motions to dismiss. V.I. R. Civ. P. 8(a)(2); *Mills-Williams*, 67 V.I. at 585; *see also Dream Engineering & Trucking, LLC v. Majestic Construction, Inc.*, No. ST-16-CV-729, 2019 WL 1859246 at *2 (V.I. Super. Ct. Apr. 23, 2019) (describing the notice pleading standard as "a more liberal and forgiving approach" than the plausibility standard).

¶ 8    Under a notice pleading regime a plaintiff must provide "a short and plain statement showing that the pleader is entitled to relief." *In re Adoption of the VI Rules of Civil Procedure*, No. 2017-001, 2017 VI Supreme LEXIS 22 at *49 (Apr. 3, 2017); *see also Brathwaite v. H.D.V.I. Holding Co.*, No. ST–16–CV–764 2017 WL 2295123 at *2 (V.I. Super. Ct. May 24, 2017) (noting that V.I. R. Civ. P. 8(a)(2) eliminates the

plausibility standard).[7] To evaluate a motion to dismiss for failure to state a claim, a court "merely tests whether the claim has been adequately stated in the pleading;" it does not address the merits of the claim. *Oxley v. Sugar Bay Club & Resort Corp.*, No. ST-18-CV-96, 2018 WL 4002726, at *2 (V.I. Super. Ct., May 14, 2018). A complaint has been sufficiently stated when it "adequately alleges facts that put an accused on notice of claims brought against it." *Brathwaite,* 2017 WL 2295123, at *2. Such facts "must be viewed in the light most favorable to the plaintiff," *Greaux v. Frett*, No. ST-18-CV-078, 2019 WL 2331114, at *3 (V.I. Super. Ct. May 29, 2019) (quoting *Adams v. North West Co. (International), Inc.*, 63 V.I. 427, 438 (V.I. Super. Ct. Oct. 6, 2015)), and should be "sufficient to advise the responding party of the transaction or occurrence on which the claim is based and identify the claim, reciting its elements so as to enable the defendant to respond intelligently and to enable the Court to determine. . . whether the claim is adequately pled." *Oxley*, 2018 WL 4002726, at *5. Applying the notice pleading standard, the Court must determine whether the Plaintiffs' complaint adequately states a claim for fraud (Count II).

---

[7] Under a notice pleading standard, "the complaint need not identify the particular legal theories that will be relied upon, but it must describe the essence of the claim and allege facts sufficient to demonstrate that the complaining party has been injured in a way that entitles him or her to relief." *Dream Engineering & Trucking, LLC v. Majestic Construction, Inc.*, No. ST-16-CV-729, 2019 WL 1859246 at *2 (V.I. Super. Ct. Apr. 23, 2019) (alteration in original) (footnote omitted) (explaining that this "standard is reinforced by the policy that litigants should not be expected to win their cases on the pleadings but rather be given their day in court").

### A. Count II Must Satisfy the V.I. R. Civ. P. 9(b) Pleading Requirement

¶9    "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud. . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." V.I. R. Civ. P. Rule 9(b); *Scully v. Peterson*, No. ST-16-CV-196, 2018 WL 4348345 at *7 (V.I. Super. Ct. Jan. 25, 2018); *Canton v. Virgin Islands Humanities Council*, No. ST-12-CV-279, 2017 WL 3203443 at *3 (V.I. Super. Ct. July 26, 2017). A plaintiff who fails to plead facts sufficient to satisfy the particularity requirement under V.I. R. Civ. P. 9(b) will not survive a Rule 12(b)(6) motion. *See Arno v. Hess Corp.*, No. SX-12-CV-314, 2019 WL 5295588, at *14 (V.I. Super. Ct. Oct. 17, 2019); *see also, Dream Engineering & Trucking*, LLC, 2019 WL 185246 at *3 (suggesting that, under Rule 9(b), plaintiffs must plead certain elements of fraud to plead a claim of fraud)).

¶10   The type of facts that must be pled to satisfy the particularity requirement of Rule 9(b) under a notice pleading standard have yet to be identified by the Supreme Court of Virgin Islands—at least in the same way that they have been by federal courts. For instance, the Third Circuit has held that the following facts, alleged together, satisfy the particularity requirement for Fed. R. Civ. P. 9(b): the "date, place or time of the fraud," the person or entity that "made a misrepresentation," and the "general content of the misrepresentation."[8] *Catalus Capital USVI, LLC v. Service*

---

[8] Fed. R. Civ. P. 9(b) is identical to V.I. R. Civ. P. 9(b) and therefore case law interpreting Fed. R. Civ. P. 9(b) is persuasive.

*Master Company*, LLC No. 2-17-17, 2018 WL 1193010 at *3 (D.V.I. Mar. 7, 2018)

(quoting *Holst v. Oxman*, 290 Fed. Appx. 508, 510 (3d Cir. 2008) (quoting *Lum v. Bank*

*of Am.*, 361 F.3d 217, 224 (3d Cir. 2004))). The Court acknowledges that the Third

Circuit's finding is in no way binding on this Court.[9] However, since Virgin Islands

courts have yet to establish a test by which the factual particularity of a complaint

for fraud is evaluated—at least under a notice pleading standard—this Court will

apply a heightened level of specificity similar to the Third Circuit and evaluate the

facts alleged in GSJ's complaint accordingly. Importantly, this does not mean that

the Court is establishing a conjunctive test akin to that of the Third Circuit that

requires complaints for fraud to definitively state the date, place or time of the fraud,

the person or entity that made a misrepresentation, and the general content of the

misrepresentation. To require complaints for fraud to allege these exact facts (e.g.,

date, place, time) would be to demand more than is appropriate and required in a

notice pleading jurisdiction,[10] especially since nothing in the text of V.I. R. Civ. P. 9(b)

---

[9] Third Circuit decisions are only binding on the Superior Court when such decisions "can be traced to a case where the Third Circuit had exercised its power as the final arbiter of Virgin Islands local law." *Najawicz v. People*, 58 V.I. 315, 328 (V.I. 2013) (footnote omitted) (collecting cases); *see also Government of the Virgin Islands v. Connor*, 60 V.I. 597, 606 n. 1 (V.I. 2014) (citation omitted) ("Superior Court should treat decisions of the United States Court of Appeals for the Third Circuit. . . as binding precedent with respect to issues of local law."). Third Circuit cases "are merely persuasive authority if the case was before that court on appeal from ... the District Court of the Virgin Islands sitting as a federal trial court." *Ernest v. Morris*, 64 V.I. 627, 630 (V.I. 2016). However, the Third Circuit's standard in *Lum v. Bank of America* originated in New Jersey and is not a in case that can be traced to the Virgin Islands.

[10] Such requirements are more appropriate in federal courts in which the more rigorous plausibility standard applies.

states that the date, place, and time are required.[11] Rather, V.I. R. Civ. P. 9(b) requires the plaintiff to allege facts with sufficient specificity to put the defendant on notice of the plaintiff's claim. The Court finds that a complaint that alleges sufficient factual specificity satisfies V.I. R. Civ. P. 9(b) heightened requirement for claims of fraud.[12]

**B. Count II Satisfies the Pleading Requirement under V.I. R. Civ. P. 9(b)**

¶11  ProSolar argues that Count II of GSJ's complaint should be dismissed because it fails to satisfy the heightened pleading requirement. The Parties agree that if V.I. R. Civ. P. 9(b) is the appropriate standard by which to evaluate GSJ's complaint, then GSJ's complaint must satisfy a heightened pleading requirement. Citing to this Court's decision in *Tutu Park, Ltd. V. Harthman Leasing I, LLLP*, No. ST-14-CV-456, 2016 WL 5853346 at *4 (V.I. Super. Ct. Sept. 27, 2016), ProSolar argues that V.I. R. Civ. P. 9(b) "requires a claimant to do more than the 'usual investigation' before filing his fraud claim." Specifically, ProSolar argues that GSJ must have alleged precise information, mirroring that required by the Third Circuit, including the "date, time,

---

[11] GSJ also argues this point, citing *Merchants Commercial Bank v. Oceanside Vill., Inc.*, No. ST-2011-CV-653, 2015 WL 9855658 at *9 (V.I. Super. Ct. Dec. 18, 2015) for support. However, since this case was decided before the Virgin Islands Rules were set forth and before the notice pleading standard was restored, the Court refrains from using this case, and others of the like, as support.

[12] The Court clarifies that the standard in V.I. R. Civ. P. 9(b) is one that demands less than the three-pronged plausibility analysis applied by federal courts, but more than the notice pleading standard for non-fraud claims under V.I. R. Civ. P. 8(a).

and place of the alleged fraud or misrepresentation," for Count II of their complaint to satisfy V.I. R. Civ. P 9(b). ProSolar argues that GSJ failed to satisfy this requirement because the complaint only contains the date of "November 2016" and "does not state when the solar power system was installed, the warranty was purchased, or when the Plaintiffs noticed the alleged deficiencies within the system and warranty." ProSolar explains that without such information, ProSolar cannot identify the exact date of the alleged fraud. ProSolar also argues that GSJ only makes "overly general statements" of fraudulent misrepresentation and fails to "specify what exactly ProSolar knew and when they knew it."

¶12　The Court finds that nothing in the text of, nor case law relevant to V.I. R. Civ. P. 9(b) requires the plaintiff to state the specific date, time, or place of the alleged fraud, or to allege what the defendant knew and when they knew it. The Court finds that such demands go beyond the parameters of the notice pleading standard as it applies to V.I. R. Civ. P. 9(b). The cases cited by ProSolar concern Fed. R. Civ. P. 9(b) and were not analyzed under a notice pleading standard. Ordinarily, local case law concerning federal rules would be highly persuasive to this court, since the language of the federal rules are identical or very similar to that adopted by the Virgin Islands. However, as a notice pleading jurisdiction, there are variances and the cases cited by ProSolar were decided prior to the restoration of the notice pleading standard and include reasoning predicated on the plausibility standard. This standard would require more definitive factual allegations, such as those required by the Third

Circuit, in order to satisfy the more rigorous three-pronged analysis. However, since the plausibility standard is no longer applied by Virgin Islands courts, decisions applying or predicated on that standard are no longer relevant to this Court's analysis. While V.I. R. Civ. P. 9(b) implies a heightened standard, the standard is not so demanding as to go beyond the notice pleading standard entirely. As such, the Court finds that all that is required for a complaint for fraud to survive a motion to dismiss, is that the claim is pled with enough factual specificity to put the defendant on notice.

¶13    Here, GSJ alleges that, in or about November 2016—when GSJ purchased a solar power system and warranty from ProSolar—ProSolar "represented to GSJ that it could provide a fully functional solar power system and [that] it would provide for all of GSJ's power needs on an uninterrupted basis." GSJ further alleges that:

  • "ProSolar was well aware that it could not provide such a system,"

  • ProSolar "intentionally misrepresented its ability to provide such a system,"

  • ProSolar "promoted and sold GSJ a warranty which ProSolar claimed would cover replacement parts among other things,"

  • "at the time ProSolar sold the warranty, ProSolar knew it had no ability to guarantee that any replacement parts existed or would exist in the future," and

  • ProSolar "intentionally misrepresented its ability to provide [a fully functioning solar power system]."

The Court finds that these allegations are sufficiently specific to satisfy V.I. R. Civ. P. 9(b)'s particularity requirement. GSJ alleges the "specific misrepresentations known by ProSolar to be false when made" and alleges that ProSolar "intended GSJ to rely on those misrepresentations," which GSJ did "to its detriment." The Court finds that these factual allegations are sufficiently specific so as to adequately state and put ProSolar on notice of GSJ's claim for fraud.

## CONCLUSION

¶14   The Court finds that GSJ's fraud claim is distinct from its claim for breach of contract. So, GSJ's fraud claim is not barred by the gist of action doctrine. GSJ has also pled sufficient facts to satisfy a heightened pleading requirement for V.I. R. Civ. P 9(b). Therefore, the Motion to Dismiss will be denied. An Order consistent with this opinion will immediately follow.

DATED: February 13, 2020

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

ATTEST:
**TAMARA CHARLES**
Clerk of the Court

BY: _____
**DONNA DONOVAN**
Court Clerk Supervisor  2/13/2020